IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civ. Action No. 2:13-cv-350-WHA (WO) |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., ) ) ) ) ) ) ) | |
| Defendants. ) ) | |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., ) ) ) ) ) ) | |
| Counterclaimants, ) | |
| v. ) ) | |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, ) ) ) | |
| Counterclaim– Defendant. ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment (Doc. #45), filed by the Federal Deposit Insurance Corporation and a Motion for Judgment on the Pleadings filed by John M. Brown, as Personal Representative of the Estate of Harry I. Brown, Sr. (Doc. #63).

The case began as a suit by Frontier Bank against Harry I. Brown, Jr.; Harry Brown & Company, LLC; and Stewardship Investments, LLC. The Federal Deposit Insurance Corporation ("FDIC") became the Receiver for Frontier Bank, and removed the state case to federal court.

The Defendants in the removed case submitted counterclaims to FDIC administratively. FDIC then filed an Amended Complaint, adding John M. Brown as personal representative of the Estate of Harry I. Brown, Sr. The Defendants Answered the Amended Complaint and counterclaimed. FDIC answered the counterclaims, and asserted affirmative defenses to the counterclaims.

For reasons to be discussed, the FDIC's Motion is due to be GRANTED in part and DENIED in part. The court will set a briefing schedule on John Brown's Motion.

## II.   RELEVANT STANDARDS

### A.   STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116-17 (11th Cir.1999). The court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* at 1117.

### B.   STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes

2

demonstrate the absence of a genuine issue of material fact." *Id.* at 323.   Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56 (c)(1)(A),(B).   Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).

### III.   FACTS

The facts as alleged in the pleadings are as follows:[1]

Harry Brown, Jr. ("Brown, Jr.") and Harry Brown, Sr. ("Brown, Sr.") were directors of

---

1 A Statement of Facts by the Defendants was filed under seal.   The court has stated facts drawn from pleadings which are not under seal.

Frontier Bank. Brown, Jr. owned Stewardship Investments, LLC ("Stewardship") and Harry Brown & Co., LLC.

Stewardship entered into a Multipurpose Note and Security Agreement with Frontier Bank and Brown, Jr. was the guarantor of the loan. Stewardship and Brown, Jr. and Frontier Bank later modified the loan on multiple occasions. Two loans were also made by Frontier Bank to Harry Brown & Co. These loans were guaranteed by Brown, Jr. and were guaranteed in a limited amount by Brown, Sr. Brown, Sr.'s guarantee was released under circumstances which are in dispute in this case. Brown, Jr. resigned as a Director of Frontier Bank in order to secure a renewal of the loan to Stewardship. Brown, Jr. rejected a written Forbearance Agreement. Frontier Bank ultimately demanded payment on all three notes, and the notes were not paid.

Frontier Bank filed a Complaint on April 2, 2012 in state court bringing claims against Harry Brown & Co., Stewardship, and Brown, Jr. On October 10, 2012, the case was transferred from the Circuit Court of Talladega County, Alabama to the Circuit Court of Coosa County, Alabama.

On February 26, 2013, the Circuit Court of Coosa County, Alabama granted summary judgment in favor of Frontier Bank as to the amounts of indebtedness on each note. (Doc. # 1-5). The Court's order, however, was "without prejudice to Harry Brown, Jr., Stewardship Investments or Brown & Co. asserting its affirmative defenses and counterclaims to reduce or eliminate the indebtedness due Frontier Bank." (*Id.* ¶ 5).

Frontier Bank failed. On March 8, 2013, the Georgia Department of Banking and Finance appointed the FDIC as Receiver of the business and property of Frontier Bank. The FDIC was substituted as a party in this action on May 15, 2013. On May 22, 2013, the FDIC removed the case to this court.

On August 19, 2013, the parties filed a Joint Motion for Stay to allow the Defendants to submit their claims to the FDIC as Receiver. The case was stayed until the court ordered the stay lifted on February 5, 2014.  On May 28, 2014, FDIC filed an Amended Complaint.  On June 11, 2014, the Defendants filed an Answer and Counterclaims of All Defendants as follows: Specific Performance: Release of Harry I. Brown, Sr. (Count One); Breach of Contract:  Release of Harry I. Brown, Sr. (Count Two); Breach of Contract: Agreement to Lend (Count Three); Fraud (Count Four); Lender Liability (Count Five); Breach of Commitment to Lend (Count Six); Breach of Implied Covenant of Good Faith and Fair Dealing (Count Seven); Economic Duress (Count Eight); and Declaratory Judgment: Bank-Owned Life Insurance (Count Nine).

## IV.  DISCUSSION

FDIC contends that it is due judgment on the pleadings, or summary judgment, as a matter of law.  As to Counts One and Two of the Defendants' Counterclaims, FDIC argues that the Brown, Sr. release is unenforceable under 12 U.S.C. §1823(e) because it was not approved by the Frontier Bank Board of Directors.  As to Counts Three, Four, Five, Six, Seven, Eight, and Nine of the Counterclaims, and affirmative defenses by Stewardship, Brown & Co., and Brown, Jr., FDIC argues that the receivership and substitution of the FDIC invoked 12 U.S.C. § 1823, which bars the affirmative defenses and counterclaims as a matter of law because they are based on alleged and disputed oral agreements with Frontier Bank.  The court begins with the Counterclaims by Stewardship, Brown & Co., and Brown, Jr. which present a legal issue, and then will turn to the remaining claims.

  A. Counterclaims and Affirmative Defenses by Stewardship, Brown & Co., and Brown, Jr.

      FDIC relies on the *D'Oench* doctrine, and 12 U.S.C. § 1823(e), and argues that tort claims

arising from oral side agreements to banking transactions cannot impair the interests of the FDIC. In *Resolution Trust Corp. v Dunmar Corp.*, 43 F.3d 587 (11th Cir. 1995), the Eleventh Circuit explained that tort claims arising from oral agreements that additional money could be loaned, that extensions of loans would be granted, and that assumption would be permitted are barred under the *D'Oench* doctrine. *Id.* at 592, 595 (citing *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942)).

The Defendants do not directly respond to FDIC's *D'Oench* argument. Instead, the Defendants contend that because the state court Order in this case authorized them to proceed on their affirmative defenses and counterclaims to reduce or eliminate indebtedness, FDIC's motion for judgment on the defenses and counterclaims is an improper request to overrule the state court's prior Order.

While the state court may have allowed the Defendants to proceed on counterclaims, that was before Frontier Bank failed and FDIC was appointed receiver. FDIC is entitled to assert the defense now that it is a party in the case. *See Baumann v. Savers Fed. Sav. & Loan Ass'n*, 934 F.2d 1506, 1515 (11th Cir. 1991) (holding that in a case in which judgment was entered in the state court and the case removed to federal court, the Receiver could raise *D'Oench* on appeal because while "allowing RTC to raise it here for the first time may result in overturning the outcome reached in the trial court, we are aware of Congress's recognition that '[t]he appointment of a conservator or receiver can often change the character of litigation....') (citing H.R.Rep. No. 54, 101st Cong., 1st Sess. at 331 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News 86, 127)).

The Defendants also respond that FDIC cannot appropriately base its requested Judgment on the Pleadings on an Answer to an affirmative defense and Counterclaim. The court need not decide this issue, however, because FDIC has alternatively moved for summary judgment on its legal theory, and the Defendants were directed to, and did, respond to both aspects of FDIC's

6

motion.  Because there has been a discovery dispute, and evidence has recently been given to the Defendants, the court will not consider evidence presented in resolving the legal issue.  Instead, because FDIC contends that it is entitled to judgment on a purely legal issue, the court will evaluate the grounds for the motion as a Motion for Summary Judgment on the legal issue, without considering evidence submitted.

FDIC points out that in Count Three of the Defendants' Counterclaim, they claim an agreement was breached regarding the loans at issue; in Count Four of their Counterclaim, the Defendants claim that the Bank made misrepresentations; in Count Five, the Defendants claim that Frontier Bank defaulted on promises and agreements to renew loans on preferential terms; in Count Six, the Defendants claim a breach of an agreement to give preferential terms for the loans at issue; Count Seven claims a breach of the implied covenant of good faith and fair dealing; and Count Eight alleges duress.  These claims, taken along with the factual allegations that oral representations were made about the terms of loan renewals, but that a Forbearance Agreement presented to Brown, Jr. was never signed, make it clear that it is undisputed that these claims are based on oral agreements, and the Defendants have not argued to the contrary.

Accordingly, based on established authority that bars claims arising from side oral agreements which impair the interests of FDIC, summary judgment is due to be GRANTED as to Counterclaims Three, Four, Five, Six, Seven, and Eight, and the affirmative defenses which relate to them.[2]  *See Resolution Trust Corp.*, 43 F.3d at 595.

Counterclaim Nine presents a slightly different issue.  It is not a contract or tort claim based on agreements to modify or extend terms of notes.  Instead, it involves Bank Owned Life

---

[2] FDIC seeks judgment as a matter of law dismissing all Affirmative Defenses and Counterclaims and asks to be allowed to prove the current amounts of the debts.  (Doc. #46 at p.18).

Insurance ("BOLI") which is alleged to have been purchased on Harry Brown, Jr.'s life by Frontier Bank.  The factual allegations in the Counterclaims about this insurance are that Frontier Bank purchased three life insurance policies on the life of Brown, Jr.; that the polies predate Brown, Jr.'s guarantee of the repayment of two loans; and that FDIC retains the policies but has no insurable interest in Brown, Jr.'s life.   Additionally, in their brief, the Defendants have raised additional issues regarding the interest taken by FDIC.

The briefing of the parties indicates that this insurance is tied to the Release by Harry I. Brown, Sr.[3]  FDIC, in reviewing evidence presented by the Defendants, contends that any agreement made by Brown, Jr. to relinquish an interest in life insurance to secure Brown, Sr.'s Release had to be an oral agreement. Based on the briefs, it does not appear that the Motion for Summary Judgment as to this claim can be decided as a purely legal issue without consideration of evidence.

The resolution of the instant motion as to this Counterclaim is complicated by the fact that the Defendants filed a Motion to Compel, seeking discovery which they contend is pertinent to the pending Motion for Summary Judgment.   That Motion was denied without prejudice to being refiled, after this court's dispositions of the Motion for Judgment on the Pleadings or Motion for Summary Judgment.   The Defendants have also provided affidavits to comply with Fed. R. Civ. P. 56(d) to demonstrate that there are facts presently unavailable to them.   Therefore, rather than resolve Counterclaim Nine in the context of this summary judgment motion based on a legal issue, the court will deny summary judgment as to Counterclaim Nine and any related affirmative defenses, without prejudice to FDIC moving for summary judgment, based on evidence, at an

---

[3] The argument is not clear, but the Defendants state that FDIC sues the Estate claiming that the Release was not supported by consideration, and then the Defendants describe why they contend discovery of the BOLI information is probative of that claim.   (Doc. #54 at p.20).

appropriate time.

    B.   Counts One and Two of the Counterclaim by the Estate of Brown, Sr.

The second aspect of the motion by FDIC, as it applies to the Counterclaims involving Brown, Sr.'s guaranty, also cannot be resolved on a purely legal issue. FDIC has relied in part on affidavit evidence, and in its Reply has referenced a recent disclosure to the Defendants of Board of Directors minutes. The FDIC asks the court to grant summary judgment in its favor on all counterclaims or, alternatively, to grant summary judgment in its favor against Brown, Jr.; Harry Brown & Co. and Stewardship; and permit the Estate of Brown Sr. to supplement its response to the FDIC's motion within fourteen days of the minutes which are being provided to the Brown Estate.

The Defendants argue that they are entitled to discovery as to whether the Release was approved by the Board of Directors, but also argue that Brown, Sr.'s Release was accomplished at a time before the FDIC was serving as Receiver for Frontier Bank, so that the FDIC cannot show that that guarantee of Harry I. Brown, Sr. is an existing obligation it owns as an asset.

As noted above, discovery in the case has been stayed, following a discovery dispute, until the court has resolved the instant motion. Further complicating the matter is the outstanding Motion for Judgment on the Pleadings by the Estate which has not yet been fully briefed which, among other things, requests that the Motion be decided before any stay of discovery is lifted.

It appears to the court, therefore, that rather than give the Defendants fourteen days to respond to FDIC's motion as FDIC requests, the better course is to deny the Motion for Summary Judgment as to Counts One and Two of the Defendants' Counterclaims, without prejudice to FDIC moving for summary judgment at an appropriate time, and to set a briefing schedule on the Estate's motion.

## V.  CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. The Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment (Doc. #45) filed by the Federal Deposit Insurance Corporation is GRANTED to the extent that Judgment is entered in favor of the FDIC and against Harry Brown & Co., LLC; Stewardship Investments, LLC; and Harry I. Brown, Jr. as to their Counterclaims Three, Four, Five, Six, Seven, and Eight, and any affirmative defenses which relate to them.

2. The Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment (Doc. #45) filed by the Federal Deposit Insurance Corporation is DENIED as to the Counterclaims One and Two and any related affirmative defenses of John M. Brown as the personal representative of the Estate of Harry I. Brown, Sr., and as to Counterclaim Nine and any related affirmative defense.

3. As to the Motion for Judgment on the Pleadings filed by John M. Brown, as Personal Representative of the Estate of Harry I. Brown, Sr. (Doc. #63), the FDIC shall show cause, if any there be, on or before **November 24, 2014** why the Motion ought not be GRANTED.   The movant will have until December 1, 2014 to reply.

Done this 6th day of November, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE