IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. Action No. 2:13-cv-350-WHA<br>) (WO) |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., | )<br>)<br>)<br>)<br>)<br>) |
| Counterclaimants, | ) |
| v. | )<br>) |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, | )<br>)<br>) |
| Counterclaim–Defendant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion for Summary Judgment (Doc. #65), filed by the

Plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), and on a Motion to Unseal

Document #59 (Doc. #99) filed by the Defendants.[1]

This case began in Alabama state court as a suit by Frontier Bank against Harry I. Brown, Jr. ("Brown, Jr."); Harry Brown & Company, LLC ("Brown & Co."); and Stewardship Investments, LLC.  The FDIC became the Receiver for Frontier Bank, and removed the state case to federal court.

The Defendants in the removed case submitted counterclaims to FDIC administratively. FDIC then filed an Amended Complaint, adding John M. Brown as personal representative of the Estate of Harry I. Brown, Sr. ("Estate of Brown, Sr.").

The claims in the Amended Complaint are a claim for breach of contract based on Note 1, dated January 22, 2010 (967785) ("Note 1") against Brown & Co.; Brown, Jr.; and the Estate of Brown, Sr. (Count I); breach of contract based on Note 2, dated January 22, 2010 (967793) ("Note 2") against Brown & Co.; Brown, Jr.; and the Estate of Brown, Sr. (Count II); breach of contract on Note 3, dated December 19, 2005 ("Note 3") against Stewardship Investments, LLC and Brown, Jr. (Count III); ultra vires against the Brown, Sr. Estate (Count IV); lack of consideration against the Brown, Sr. Estate (Count V); and conspiracy to breach fiduciary duty and to commit fraud against the Brown, Sr. Estate, Brown, Jr.; and Brown & Co. (Count VI).

The Defendants Answered and Counterclaimed.  The counterclaims include claims for specific performance as to the release of Brown, Sr. (Count One); breach of contract based on the release of Brown, Sr. (Count Two); breach of contract (Count Three); fraud (Count Four); lender liability (Count Five), breach of commitment to lend (Count Six); breach of implied covenant of

---

[1] The Defendants seek to unseal their Doc. #59 and the exhibits attached because FDIC has filed Exhibit 59 as FDIC's exhibit #65-1, not under seal.   For good cause shown, the motion is due to be GRANTED.

good faith and fair dealing (Count Seven); economic duress (Count Eight); and declaratory judgment, Bank Owned Life Insurance (Count Nine) (Doc. #40).

Ruling on various motions, this court entered judgment as to FDIC on the counterclaims of Harry Brown & Co., LLC; Stewardship Investments, LLC; and Harry I. Brown, Jr. in claims Three, Four, Five, Six, Seven, and Eight, and the affirmative defenses which relate to those counterclaims. Remaining counterclaims in the case are Claim One for Specific Performance based on the Release of Harry I. Brown, Sr., Claim Two for breach of contract based on the Release of Harry I. Brown, Sr., and Claim Nine for a Declaratory Judgment as to Bank Owned Life Insurance.   The Bank Owned Life Insurance ("BOLI") counterclaim is based on a life insurance policy on the life of Brown, Jr.

The court also ordered dismissed Counts IV and V of the Amended Complaint.

Also by previous Order of this court (Doc. #100), summary judgment was denied as to FDIC on the Stewardship Investments, LLC and Brown, Jr. debt, Note 3, and as to various affirmative defenses.

For reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED in part and DENIED in part.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and    . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes

demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1)(A),(B). Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movants:

The debts at issue, as previously identified, are Notes 1 and 2, which are debts of Brown & Co.; Brown, Jr.; and the Brown, Sr. Estate, and Note 3, which is a debt of Stewardship Investments, LLC and Brown, Jr.

Before the FDIC became a party and the case was removed to this court, the Circuit Court of Coosa County, Alabama entered summary judgment in favor of Frontier Bank as follows:

1. As of September 19, 2012, Stewardship Investments, LLC was indebted to Frontier Bank in the amount of approximately $468,553.50, which is $445,947.71 in principal and $22,595.79 in interest, and $10.00 in late fees plus a reasonable attorney's fee. Interest is accruing at $74.32 per day.

2. As of September 19, 2012, Harry Brown & Co., LLC was indebted to Frontier Bank in the amount of $1,100,627.68, which is $1,056,220.14 in principal, $43,431.28 in interest, and $976.26 in late charges, plus a reasonable attorney's fee. Interest continues to accrue at the rate of $176.04 per day.

3. As of September 19, 2012, Harry I. Brown, Jr., as guarantor of the Brown & Co. and Stewardship debts, was indebted to Frontier Bank in the amount of $1,569,181.18 plus a reasonable attorney's fee. Interest continues to accrue at the rate of $250.36 per day.

(Doc. #1-5 at p. 149).   The court allowed Frontier Bank to file a supplemental motion establishing the accrual of interest and the credit for foreclosure of a mortgage.   (Doc. #1-5 at p. 150).   The Order was entered without prejudice to Brown, Jr.; Stewardship Investments; or Brown & Co. asserting affirmative defenses and counterclaims to reduce or eliminate the indebtedness.   (Doc. #1-5 at p. 150).

The facts underlying these transactions are that Brown & Co. was a limited liability company of Brown, Jr., who was also a director of Frontier Bank. Notes 1 and 2 were guaranteed by Brown, Jr. When the loans were renewed, they were also guaranteed by Brown, Sr., who was Brown, Jr.'s father. Brown, Sr.'s guaranty was limited to $600,000. Steve Townson ("Townson"), the CEO of Frontier Bank, later approved a release of Brown, Sr.'s limited guaranty of the loans. Brown, Jr. states in a Declaration that part of the consideration for that release was that Brown, Jr. forfeited Bank Owned Life Insurance ("BOLI").

William Logan ("Logan"), the Frontier Bank loan officer, released Brown, Sr.'s guaranty. FDIC contends that Logan released the guaranty relying on Townson's representation that the Board of Directors of Frontier Bank had authorized the release. Brown, Jr. has stated in a Declaration that Townson was authorized to approve the release in his capacity as CEO of Frontier Bank without Board approval.

## IV. DISCUSSION

The FDIC moves for summary judgment against Defendants Brown & Co.; Brown, Jr.; and the Estate of Brown, Sr. in the amount of $450,360.08 plus interest.[2] The FDIC moves for summary judgment on its claims against Brown & Co. and Brown, Jr., arguing that all that is left in the case against those Defendants is a damage calculation. With respect to the claims against the Estate of Brown, Sr., FDIC moves for summary judgment on the grounds that it is due judgment on the defenses and counterclaims as a matter of law. The court begins with the claims against Brown, Jr. and Brown & Co.

### A. Claims Against Brown, Jr. and Brown & Co.

---

2  As noted, FDIC also moved for summary judgment against Stewardship Investments, LLC and Brown, Jr. in the amount of $527,489.26 plus interest. Summary judgment was denied to FDIC by previous order on that claim. (Doc. #100).

The Defendants dispute that the amount owed on Notes 1, 2, and 3 has been determined. They point to an affidavit of Brown, Jr. and state that the evidence controverts the actual amount of the debt owed. If, as it appears, the Defendants are disputing the amount owed as determined by the state court's order on summary judgment in this case, an opposition brief to the FDIC's Motion for Summary Judgment is not the appropriate way in which to seek relief from that judgment. The court, therefore, will not deny FDIC's summary judgment motion on that basis.

The Defendants also point out that affirmative defenses which still are viable in this case are the statute of limitations, lack of standing, collateral and payment, offset, release, and interest only at the statutory rate. As earlier noted, summary judgment was denied as to these affirmative defenses in a previous Order (Doc. #100). The court concludes, therefore, that judgment cannot be entered as to the amount of the debt owed by Brown, Jr. and Brown & Co because the amounts set by the state circuit court in its order, while still controlling in this case, are subject to these affirmative defenses, since the state circuit court's order was "without prejudice to [the assertion of] affirmative defenses and counterclaims to reduce or eliminate the indebtedness."[3]

In addition to affirmative defenses, the Defendants also assert a counterclaim based on BOLI. The argument made by the Defendants based on this counterclaim is that the value of the policies should be an offset against any indebtedness Brown, Jr. owes.

In moving for Summary Judgment, FDIC has argued that Brown, Jr. has no evidence of a written agreement of Brown, Jr.'s forfeiture of his BOLI as consideration of the release of the Brown, Sr. guaranty. FDIC states that any oral agreement to that effect would be barred by 12 U.S.C. §1823 and the *D'Oench* doctrine, that is, that side agreements to banking transactions

---

3 Because the parties have not briefed these affirmative defenses, or presented evidence as to them, the court is unable to evaluate the effect, if any, that each such defense has on the amounts owed.

cannot impair the interests of the FDIC.  *See Resolution Trust Corp. v Dunmar Corp.*, 43 F.3d 587 (11th Cir. 1995) (citing *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942)).

FDIC points to a paragraph in Brown, Jr.'s Declaration in which he states that "based on our verbal agreement at that time," the accrued value of his BOLI benefit was reduced to zero. (Doc. #87-1 at ¶5).  In another Declaration filed in this case, Brown, Jr. similarly states that in a "discussion" with Steven Townson, he agreed to forfeit his interests in his BOLI.  (Doc. #65-1 at p.3 ¶5).  FDIC also points out that Brown, Jr. states in a Declaration that the BOLI benefit was surrendered to secure a release of the Harry Brown, Sr. limited guaranty, and to give a death benefit to his wife, but that the affidavit does not identify an agreement to reduce Brown, Jr.'s debt. (Doc. #87-1 at ¶5).

In response, Defendants have referred to BOLI in their brief, but they have not pointed the court to evidence of a written agreement regarding BOLI.  Because under the *D'Oench* doctrine, oral agreements cannot impair the interest of the FDIC, the court concludes that summary judgment is due to be GRANTED as to FDIC as to the Counterclaim Nine claim based on BOLI.

B.  Claims Against Brown, Sr. Estate

In a previous Memorandum Opinion and Order, this court concluded that to invalidate the Release of Harry Brown, Sr., FDIC would have to prove fraud under Alabama law. (Doc. #78). FDIC had contended that pursuant to 12 U.S.C. §1823(e)(1)(C), the release of the limited guaranty by Brown, Sr. is prohibited because it was not approved of the Board of Directors of Frontier Bank.  FDIC also argued that there was no arms-length negotiation between Frontier Bank and Brown, Sr., but instead there was fraud and collusion, so federal law renders such agreements unenforceable as a matter of law unless reflected in the minutes of the Board.  The court agreed that §1823(e) could apply to the release of Brown, Sr.'s guaranty if the guaranty was not validly

released under state law and, therefore, the asset was still in existence at the time that FDIC took over for Frontier Bank, applying the persuasive authority *Fed. Deposit Ins. Corp. v. McFarland*, 33 F.3d 532 (5th Cir. 1994) (Doc. #78).

FDIC continues to maintain that fraud occurred, but now also states that *McFarland* does not apply because it is undisputed that the release of Brown, Sr.'s guaranty was not a loan document. This argument was not raised previously, even though the court gave FDIC additional time in which to comment on the applicability of the *McFarland* case, and FDIC filed a brief in response. (Doc. #73, #75).

The Defendants argue that this court ought not consider the new argument by FDIC, and that the new argument is contrary to its position in this litigation. The Defendants also argue that FDIC has not pointed to any evidence contrary to the Defendants' evidence that the release of Brown, Sr.'s limited guaranty was part of the loan documents. The Defendants have pointed to Brown, Jr.'s Declaration in which he states that the written release of Brown, Sr. was produced to him by FDIC as part of the business records of Frontier Bank. (Doc. #65-1 at p.5, ¶7). Brown, Jr. also states that the Frontier Bank business records reflect that after Brown, Sr. was released from his guaranty, the loans no longer show him as guarantor. (Doc. #65-1 at p.5, ¶8). The Defendants also present copies of the releases of the $600,000 limited guaranty which refer to the loans by number within the documents. (Doc. #98-1 at p.6, p.7). Therefore, there is at least a question of fact as to whether the releases were part of the loan documents so that *McFarland* applies, and, therefore, summary judgment cannot be granted to FDIC on that basis, even if the court were to reconsider its earlier determination.

Turning now to the fraud theory, fraud requires a showing of false representation of a material fact, which is reasonably relied on and which causes damage as a proximate consequence

of the misrepresentation. *Exxon Mobil Corp. v. Alabama Dep't of Conservation & Natural Res.*, 986 So. 2d 1093, 1114 (Ala. 2007).

FDIC has pointed to an Affidavit by Logan, Frontier Loan Officer, in which he states that he executed the release on behalf of Frontier Bank because Townson instructed him to do so and informed him that he had polled the directors of the Bank and they each authorized the Release to be signed. (Doc. #65-5). FDIC also presents the Declaration of Christopher Zodrow, Chairman of the Board of Frontier Bank, in which he states the Frontier Board of Directors was never requested to release and never released Brown, Sr.'s guaranty. (Doc. #46-2).

The Defendants respond, among other arguments, that FDIC cannot prove reasonable reliance. The Defendants state that Townson had the authority to release the loan, so that any statements he made to Logan to effectuate that release could not have changed the course of Frontier Bank. The Defendants also state that a representation about Board approval was not material, because Board approval was not required for the release.

In support of their arguments, the Defendants have pointed out that in his Declaration, Townson states that he was within his authority as CEO of Frontier Bank to approve the release of Brown, Sr. (Doc. #59-7). Brown, Jr. also states in his Declaration that Zodrow "wrongly suggests that he and other Board members did not agree to the release" and that Zodrow knew of the release when it was approved. (Doc. #65-1 at ¶11, 13).

Given the conflicting evidence on the Board's approval, and given the lack of evidence disputing affirmative evidence that Townson was acting within his authority to approve the release even without Board approval, the court concludes that summary judgment must be denied as to FDIC on the counterclaims of the Estate of Brown, Sr.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Unseal Doc. #59 (Doc. #99) is GRANTED and the Clerk is DIRECTED to unseal Doc. #59 and its attachments.

2. FDIC's Motion for Summary Judgment (#65) is GRANTED in part, and judgment is entered as to FDIC and against the Defendants on the counterclaim (Count Nine) based on Bank Owned Life Insurance, and as to the amount of indebtedness as set by the state court, and is DENIED in all other respects.

The case will proceed on FDIC's claims in Counts I and II of the Amended Complaint on Note 1 and Note 2 against Harry Brown & Co., LLC; Harry I. Brown, Jr., as guarantor of the Brown & Co. debt; and the Estate of Harry Brown, Sr. as the guarantor of the debt, subject to the affirmative defenses of the statute of limitations, lack of standing, collateral and payment, offset, release, and interest only at the statutory rate, and subject to the counterclaims based on the release of the Brown, Sr.'s guaranty, but not subject to an offset based on Bank Owned Life Insurance. The case will also proceed on FDIC's conspiracy to commit fraud and breach of fiduciary duty claim in Count VI of the Amended Complaint.

The case is also proceeding on the claim in Count III brought based on the Stewardship Investments, LLC loan, even though FDIC has conceded that the debt is no longer owned by FDIC. (Doc. #100). Pursuant to *Fed.R.Civ.P.* 56(f), Plaintiff is given **until March 9, 2015** to show cause why the court ought not grant summary judgment to the Defendant as to this claim.

Done this 2nd day of March, 2015.

/s/ W. Harold Albritton
W.   HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE