IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. Action No. 2:13-cv-350-WHA ) (WO) |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., | ) ) ) ) ) ) |
| Defendants. | ) ) |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., | ) ) ) ) ) ) |
| Counterclaimants, | ) |
| v. | ) ) |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) |
| Counterclaim– Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Renewed Motion for Summary Judgment and Motion for Rule 54(b) Certification (Doc. #114), filed by the Plaintiff, the Federal Deposit Insurance Corporation ("FDIC).

1

This case began in Alabama state court as a suit by Frontier Bank against Harry I. Brown, Jr. ("Brown, Jr."); Harry Brown & Company, LLC ("Brown & Co."); and Stewardship Investments, LLC. The FDIC became the Receiver for Frontier Bank, and removed the state case to federal court.

The Defendants in the removed case submitted counterclaims to FDIC administratively. FDIC then filed a Second Amended Complaint, expanding claims against the Estate of Harry I. Brown, Sr. ("Estate of Brown, Sr."), but naming Harry I. Brown, Jr. as the personal representative of the Estate. (Doc. #30). In response to an Order of this court on a Motion to Dismiss, the FDIC filed a new Amended Complaint on May 28, 2014, adding John M. Brown as personal representative of the Estate of Brown, Sr. By Order of this court, service of the Amended Complaint on counsel was sufficient service. (Doc. #38).

The claims stated in the Complaint as amended are a claim for breach of contract based on Note 1, dated January 22, 2010 (967785) ("Note 1") against Brown & Co.; Brown, Jr.; and the Estate of Brown, Sr. (Count I); breach of contract based on Note 2, dated January 22, 2010 (967793) ("Note 2") against Brown & Co.; Brown, Jr.; and the Estate of Brown, Sr. (Count II); breach of contract on Note 3, dated December 19, 2005 ("Note 3") against Stewardship Investments, LLC and Brown, Jr. (Count III); ultra vires against the Brown, Sr. Estate (Count IV); lack of consideration against the Brown, Sr. Estate (Count V); and conspiracy to breach fiduciary duty and to commit fraud against the Brown, Sr. Estate, Brown, Jr.; and Brown & Co. (Count VI).

The Defendants Answered and Counterclaimed. They asserted affirmative defenses and counterclaims which included claims for specific performance as to the release of Brown, Sr. (Count One); breach of contract based on the release of Brown, Sr. (Count Two); breach of

2

contract (Count Three); fraud (Count Four); lender liability (Count Five), breach of commitment to lend (Count Six); breach of implied covenant of good faith and fair dealing (Count Seven); economic duress (Count Eight); and declaratory judgment, Bank Owned Life Insurance (Count Nine) (Doc. #40).

Ruling on various motions, this court entered judgment in favor of FDIC on the counterclaims of Harry Brown & Co., LLC; Stewardship Investments, LLC; and Harry I. Brown, Jr. in claims Three, Four, Five, Six, Seven, and Eight, and the affirmative defenses which relate to those counterclaims. The court also ordered dismissed Counts IV and V of the Amended Complaint.   The court granted summary judgment in favor of FDIC and against the Defendants on the counterclaim (Count Nine) based on Bank Owned Life Insurance, and as to the amount of indebtedness as set by the state court.   In the course of ruling on the motions, the court also requested additional briefing from the FDIC on the "no asset" argument raised by the Defendants, and seeking a response to the citation of cases such as *Fed. Deposit Ins. Corp. v. McFarland*, 33 F.3d 532, 537 (5th Cir. 1994).   (Doc. #73).

The case proceeded on FDIC's claims in Counts I and II of the Amended Complaint on Note 1 and Note 2 against Harry Brown & Co., LLC; Harry I. Brown, Jr., as guarantor of the Brown & Co. debt; and the Estate of Harry Brown, Sr. as the guarantor of the debt, subject to the affirmative defenses of the statute of limitations, lack of standing, collateral and payment, offset, release, and interest only at the statutory rate, and subject to the counterclaims based on the release of Brown, Sr.'s guaranty, but not subject to an offset based on Bank Owned Life Insurance.   The case also proceeded on the claim in Count III based on the Stewardship Investments, LLC loan, and on FDIC's conspiracy to commit fraud and breach of fiduciary duty

claim in Count VI. On March 23, 2015, the court granted a motion allowing the FDIC to pursue Count III on behalf of DIP Lending I, LLC, to which the Stewardship Investments, LLC loan was sold after the commencement of this case. (Doc. #112).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.   Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56 (c)(1)(A),(B).   Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   On the other hand, the evidence of the nonmovant must be

believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movants:

The debts at issue, as previously identified, are Notes 1 and 2, which are debts of Brown & Co.; Brown, Jr.; and the Brown, Sr. Estate, and Note 3, which is a debt of Stewardship Investments, LLC and Brown, Jr.

Before the FDIC became a party and the case was removed to this court, the Circuit Court of Coosa County, Alabama entered summary judgment in favor of Frontier Bank as follows:

1. As of September 19, 2012, Stewardship Investments, LLC was indebted to Frontier Bank in the amount of approximately $468,553.50, which is $445,947.71 in principal and $22,595.79 in interest, and $10.00 in late fees plus a reasonable attorney's fee. Interest is accruing at $74.32 per day.
2. As of September 19, 2012, Harry Brown & Co., LLC was indebted to Frontier Bank in the amount of $1,100,627.68, which is $1,056,220.14 in principal, $43,431.28 in interest, and $976.26 in late charges, plus a reasonable attorney's fee.   Interest continues to accrue at the rate of $176.04 per day.
3. As of September 19, 2012, Harry I. Brown, Jr., as guarantor of the Brown & Co. and Stewardship debts, was indebted to Frontier Bank in the amount of $1,569,181.18 plus a reasonable attorney's fee.   Interest continues to accrue at the rate of $250.36 per day.

(Doc. #1-5 at p. 149).   The Order was entered without prejudice to Brown, Jr.; Stewardship

Investments; or Brown & Co. asserting affirmative defenses and counterclaims to reduce or eliminate the indebtedness.    (Doc. #1-5 at p. 150).

Collateral securing the notes of Harry Brown & Co., LLC was sold at auction for $707,000.00 on October 26, 2012. (Doc. #65-4).

The facts underlying these loan transactions are that Brown & Co. was a limited liability company of Brown, Jr., who was also a director of Frontier Bank.   Notes 1 and 2 were guaranteed by Brown, Jr.   When the loans were renewed, they were also guaranteed by Brown, Sr., who was Brown, Jr.'s father.   Brown, Sr.'s guaranty was limited to $600,000.   Steve Townson ("Townson"), the CEO of Frontier Bank, later approved a release of Brown, Sr.'s limited guaranty of the loans.   FDIC has presented evidence which it contends shows that the release was not authorized and also that it was not disclosed during subsequent Board of Directors meetings of Frontier Bank.

**IV. DISCUSSION**

FDIC has asked the court to re-examine the Defendants' reliance on the release of Brown Sr.'s guaranty.   FDIC also contends that while affirmative defenses are still remaining in the case, they are not supported by evidence, and that the court should grant summary judgment as to FDIC on those affirmative defenses.   The court begins with the arguments based on affirmative defenses.

A.   Affirmative Defenses

The case is proceeding on the affirmative defenses of statute of limitations, lack of standing, collateral and payment, offset, release, and the applicable rate of interest.   FDIC identifies this list in its brief, but then only specifically addresses the statute of limitations,

standing, collateral and payment, and the applicable rate of interest defenses.  (Doc. #115 at p.6, 8, 16, 19).

### 1. Statute of Limitations

There is apparently no dispute that the breach of contract claims are governed by a six-year statute of limitations and that the breach of contract claims were filed within the limitations period. Therefore, the Motion for Summary Judgment is due to be GRANTED as to the affirmative defense of the statute of limitations as to the contract claims.

### 2. Conspiracy to Commit Fraud and Breach of Fiduciary Duty

The Defendants contend that the FDIC's claims regarding the release of Brown Sr.'s guaranty, which have a two-year statute of limitations, are barred in this case.  The Defendants argue that the release which forms the basis of the fraud and breach of fiduciary duty claims was executed on April 29, 2011 and that no claims against the Estate of Brown, Sr. were brought within two years of that date.

FDIC argues that the two-year statute of limitations commenced upon the date that Frontier Bank first discovered that the release had been procured by fraud, not the date that the release was executed.  FDIC argues that the fraud was not discovered until December 11, 2012.  FDIC states that Brown's Estate was added as a party in January 2013, (Doc. #1-9) which is within the two-year time period.

In a separate motion to strike the Reply as untimely, the Defendants argue that although the Estate of Brown, Sr. was named in an amendment to the complaint in January of 2013, it had not been served with a summons and complaint at that time.  The Defendants point out that on August 13, 2014, FDIC stated that the Estate of Brown, Sr. had not been served with a summons and

complaint as of that date.  (Doc. #17).   The Defendants point out that the Estate of Brown, Sr. was deemed served by Order of the court on May 28, 2014. (Doc. #38).  The Defendants further argue that the assertion of belated discovery of fraud does not appear in the amended complaint and is refuted by record evidence. The Defendants also contend that discovery which has been ordered is relevant to the FDIC's defense that it could not have timely discovered the fraud.

Under Alabama law, the filing of a complaint alone does not "commence" an action for purposes of satisfying the statute of limitations. *Maxwell v. Spring Hill Coll.*, 628 So.2d 335, 336 (Ala.1993) (stating "[t]his Court has held that the filing of a complaint, standing alone, does not commence an action for statute of limitations purposes.").  For statute-of-limitations purposes, the complaint must be filed and there must also exist "a bona fide intent to have it immediately served." *Dunnam v. Ovbiagele*, 814 So.2d 232, 237–38 (Ala. 2001).  Relevant to this inquiry are, but are not limited to, whether the summons was supplied when the complaint was filed, whether addresses were supplied, or whether the clerk of the court was given directions as to how to proceed with service of process.  *See*, *e.g.*, *Weaver v. Firestone*, 155 So.3d 952, 965 (Ala. 2013).

In this case, the Estate of Brown, Sr. was originally sued through an improper representative, and ultimately the court ordered service to be deemed proper when a new Amended Complaint was filed.

With respect to the discovery rule argument advanced by FDIC, the statute of limitations on a fraud claim does not begin to run until the plaintiff discovers or should have discovered fraud. *See Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So.2d 1292, 1297 (Ala.1995). That question is generally a question of fact for the jury. *Whitlock v. Jackson Nat. Life Ins. Co.*, 32 F. Supp. 2d 1286, 1290 (M.D. Ala. 1998).

The court must conclude that there are questions of fact which preclude summary judgment

on a theory either that the claim against the Estate of Brown, Sr. was commenced for purposes of the statute of limitations when the Amended Complaint was filed in January of 2013, or that the claim was timely based on the date of discovery of the fraud. Therefore, summary judgment is due to be DENIED as to the affirmative defense of the statute of limitations as to the conspiracy to commit fraud and breach of fiduciary duty claims.

### 3. Collateral and Payment

FDIC argues that the Defendants have not come forward with evidence of any payments made to support this affirmative defense. FDIC acknowledges that collateral securing the Brown & Co. loans was sold and that there was a $707,000 debt credit for the foreclosed mortgage. FDIC argues, therefore, that the calculation of the remaining debt is simple arithmetic, and summary judgment should be granted on the affirmative defense of collateral and payment.

The Defendants respond that even accounting for the sale of collateral in October of 2012, the amount of debt is in dispute. They contend that FDIC's witness stated that after the sale of the collateral the amount owed on the loans was $595,269.95 (Doc. #124-2); that FDIC witness Wanda Presley said in her deposition that she notified Harry I. Brown, Jr. that the total principal owed was $336,220.24; and that FDIC in its initial disclosures said that the principal for the total debt was $459,322.24. (Doc. #87-4).[1] The Defendants acknowledge that attorney Anderson has presented an affidavit with a calculation using the state court judgment and the foreclosure deed, but they reject that this is appropriate testimony unless Anderson is removed as counsel.[2]

Although called an affirmative defense of collateral and payment, the argument advanced by the Defendants appears to be that the principal owed should be reduced by the amount for

---

1  The evidence appears to place the amount at approximately $465,000. (Doc. #87-4) at ¶C.
2  They also contend that discovery is due on this amount, but have not provided the appropriate affidavit in that regard.

which the collateral was sold. The State Circuit Court set the amount of principal owed as of the date of its Order, and the foreclosure deed set the amount for the collateral at $707,000.00. (Doc. #65-4). The evidence, therefore, does not appear to present a genuine issue of material fact. Instead, a determination of the amount owed merely requires taking the amount set by the state court, subtracting the collateral amount in the deed, and calculating interest. Therefore, summary judgment is due to be GRANTED as to the affirmative defense of collateral and payment, except that the collateral amount established by the October 2012 foreclosure deed will be taken into account in calculating the amount owed.

4. Rate of Interest

FDIC argues that the applicable rate of interest on the amounts owed has been set forth in the contracts. The FDIC states that the Brown & Co. notes accrue at an interest rate of 12% and that the Stewardship note accrues interest at the Frontier Bank prime rate. When the Defendants responded to the motion, they did not include "rate of interest" in their list of affirmative defenses remaining in the case, and instead identified as their affirmative defenses only the lack of standing, statute of limitations, payment, collateral, and release. (Doc. #124 at p.2). Therefore, they are no longer asserting this as an affirmative defense. *See Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir.1994). Furthermore, they do not dispute the contractual rates of interest as identified by the FDIC as being in the contracts. Therefore, summary judgment is due to be GRANTED as to this affirmative defense.

5. Standing

FDIC addresses the standing affirmative defense as if it is directed to the claim against the Estate of Brown, Sr. (Doc. #115 at p.8). The Defendants clarify that they are challenging the standing of FDIC to assert the Stewardship loan. This court, however, has previously entered an

10

Order allowing the FDIC to pursue this claim to judgment for the owner of the loan. (Doc. #112). Therefore, summary judgment is due to be GRANTED as to the affirmative defense of standing.

6. Other affirmative defenses

FDIC lists in its motion, but does not present arguments as to, the affirmative defenses of offset and release. In their response, the Defendants identify only release, but not offset, as a defense remaining in the case. (Doc. #124 at p.2). Considering this response by the non-movants, the court concludes that the motion for summary judgment is due to be GRANTED as to offset. *See Road Sprinkler Fitters Local Union No. 669*, 10 F.3d at 1568. The case will proceed on the affirmative defense of release.

B. Counterclaims

FDIC has contended in this litigation that pursuant to 12 U.S.C. §1823(e)(1)(C), the release of the limited guaranty by Brown, Sr. is prohibited because it was not approved of the Board of Directors of Frontier Bank. FDIC also has argued that there was no arms-length negotiation between Frontier Bank and Brown, Sr., but instead there was fraud and collusion, so federal law renders such agreements unenforceable as a matter of law unless reflected in the minutes of the Board. This court has previously agreed that §1823(e) could apply to the release of Brown, Sr.'s guaranty if the guaranty was not validly released under state law and, therefore, the asset was still in existence at the time that FDIC took over for Frontier Bank, applying the persuasive authority *Fed. Deposit Ins. Corp. v. McFarland*, 33 F.3d 532 (5th Cir. 1994) (Doc. #78).

At the time of this court's previous Memorandum Opinion and Order, the Defendants pointed to Brown, Jr.'s Declaration in which he states that the written release of Brown, Sr. was produced to him by FDIC as part of the business records of Frontier Bank. (Doc. #65-1 at p.5,

¶7).  Brown, Jr. also states that the Frontier Bank business records reflect that after Brown, Sr. was released from his guaranty, the loans no longer show him as guarantor. (Doc. #65-1 at p.5, ¶8). The Defendants also presented copies of the releases of the $600,000 limited guaranty which refer to the loans by number within the documents. (Doc. #98-1 at p.6, p.7).  The court previously concluded that this at least presented a question of fact, so that summary judgment could not be granted as to the release claimed by the Defendants.

FDIC continues to maintain that fraud occurred, but now also states that *McFarland* does not apply because the release of Brown, Sr.'s guaranty should not be considered a loan document, because it was concealed from Frontier Bank.  This argument was not raised previously, even though the court gave FDIC additional time in which to comment on the applicability of the *McFarland* case.  (Doc. #73, #75).  FDIC also argues that state and federal law were violated by the extension of credit to insiders.

FDIC's argument is based primarily on the Declaration of Christopher Zodrow, a Director of Frontier Bank.  Zodrow states that after the release of Harry Brown, Sr.'s guaranty, there were Frontier Bank Board of Directors' meetings at which the Board discussed and approved Insider Reports, but during which Brown, Jr. did not disclose that the Insider Report was incorrect because it did not reflect that Brown, Sr. had been released from his guaranty.  (Doc. #114-1).

The Defendants argue that this court ought not consider the new argument by FDIC, and that the new argument is contrary to its position in this litigation and contradicts the Amended Complaint.  The Defendants also urge the court to allow them additional time to respond to this new argument once the discovery ordered by the Magistrate Judge has been produced.

As to the legal argument advanced by the Defendants, the court tends to agree that a separate fraud claim based on actions to conceal the release of the guaranty has not been pled in

this case. (Doc. #39). As a matter of newly-offered evidence to distinguish this case from *McFarland*, however, it may be that the evidence is properly considered. Therefore, the court will, as the Defendants have requested, allow for additional briefing after the deadline for the discovery ordered by the Magistrate Judge.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment is GRANTED and judgment is entered in favor of the Plaintiff and against the Defendants on the following affirmative defenses: the statute of limitations defense asserted with respect to contract claims, the collateral and payment defense to the extent that it is based on an allegation of collateral other than the foreclosure deed, the applicable interest rate, standing, and offest.

2. The Motion for Summary Judgment is DENIED as to the affirmative defense of the statute of limitations as to the conspiracy to commit fraud and breach of fiduciary duty claims in Count VI and as to the affirmative defense of release.

3. The Motion for Summary Judgment is held in abeyance as to the counterclaims based on the release of Brown, Sr.'s Guaranty. The Defendants have until May 29, 2015 to file a supplemental brief on this issue, and the Plaintiff has until June 5, 2015 to file a reply.

    This extension of time may result in the motion not being ruled upon by the pre-trial date.

Done this 12th day of May, 2015.

/s/ W. Harold Albritton
W.   HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE