IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Action No. 2:13-cv-350-WHA |
| | ) | (wo) |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR., | ) ) ) ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) | |
| Counterclaim–Defendant. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

I.   Introduction

On May 12, 2015, the court granted in part and denied in part a Motion for Summary Judgment filed by the FDIC, and held the motion in abeyance with respect to the counterclaims by the Estate of Brown, Sr., based on a release of Brown, Sr.'s guaranty.  (Doc. #138 at p.12). Specifically, the court allowed for the presentation of additional evidence and briefing on the

issue of the "no asset" exception to 12 U.S.C. §1823(e) and the *D'Oench* doctrine as applied in the persuasive authority of *Fed. Deposit Ins. Corp. v. McFarland*, 33 F.3d 532 (5th Cir. 1994), which this court had previously concluded applied in this case (Doc. #138 at p.11-12; #78).

Based on all of the briefing, including the supplemental briefing and evidence, as to this limited issue, the court concludes that FDIC's Motion for Summary Judgment as to the counterclaims based on the release of Brown, Sr.'s guaranty is due to be DENIED.

I. Motion for Summary Judgment Standard

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## II.    Discussion

FDIC's position on the issue remaining for disposition in the Motion for Summary Judgment is that the reliance on the release of the limited guaranty by Brown, Sr. is prohibited by 12 U.S.C. §1823(e) and *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1994), because the release was not approved of the Board of Directors of Frontier Bank, and no exception applies. FDIC also has argued that there was no arms-length negotiation between Frontier Bank and Brown, Sr., but instead there was fraud and collusion. This court has previously agreed that *D'Oench* and §1823(e) could apply to the release of Brown, Sr.'s guaranty if the guaranty was not validly released under state law. Because there are fact issues as to fraud, however, the court was persuaded that a question of fact also precluded summary judgment on the counterclaims based on the "no asset" exception to *D'Oench* and §1823(e) as applied in the persuasive authority of the Fifth Circuit's *McFarland* case.[1]   (Doc. #78, 138).

---

[1] In their supplemental briefing, the parties have raised issues not within the scope of the issue held in abeyance by the court, such as Regulation O argument raised by FDIC, and a statute of limitations argument raised by the Defendants. The deadline for filing a motion for summary judgment has passed. (Doc. #100). Therefore, the court will only address FDIC's motion with regard to the evidence presented to show why the reasoning of the Fifth Circuit's *McFarland*

In supplemental briefing, FDIC argues that *McFarland* does not apply in this case because the release of Brown, Sr.'s guaranty should not be considered a loan document which fits within the "no asset" exception. The Defendants have presented supplemental evidence to show that the release of Brown, Sr.'s guaranty was present in the bank records of Frontier Bank. FDIC does not dispute this evidence, and agrees that the release was present in the bank records after the release was executed. (Doc. #151 at p.3-4). FDIC argues, however, that the release cannot be considered a loan document because it was not part of a new loan transaction.

As this court noted previously, the Eleventh Circuit has explained that §1823(e) "does not apply to the defense that an asset is invalid due to events unrelated to any unrecorded side agreement, or to the defense that no asset existed for the FDIC to acquire." *Bufman Organization v. Fed. Deposit Ins. Corp.*, 82 F.3d 1020 , 1029 (11th Cir. 1996). In *Bufman Organization*, the Eleventh Circuit acknowledged that "other courts have held that §1823(e)(1) does not apply to the defense that the FDIC never acquired a note because all of the outstanding indebtedness evidenced by the note was satisfied before the FDIC acquired the assets of the failed bank." 82 F.3d at 1029.

In *McFarland*, the court applied the "no asset" exception acknowledged by the Eleventh Circuit in a case of a continuing guaranty which was released before the FDIC acquired notes which the guaranty secured. 33 F.3d at 535. In that case, plaintiff Rose McFarland had executed a continuing guaranty guaranteeing all debts incurred by her son. Rose McFarland's son obtained three loans. One loan was made to a company controlled by the son and was secured by Rose McFarland's guaranty. The other two loans were made to the son personally and were also secured by the guaranty, among other assets. The latter two loans were restructured.

---

case does, or does not, apply in this case.

4

During the restructuring of the two loans, the son agreed to the cancellation of a line of credit in exchange for a release of Rose McFarland's continuing guaranty. The subsequently-restructured loans did not refer to the guaranty. The FDIC took over as receiver of the failed bank and evaluated the value of the son's loan asset. The court noted that at that time, bank records included an executed copy of Rose McFarland's guaranty and the letter releasing it. *Id.* at 536. FDIC brought suit to collect on Rose McFarland's guaranty.

The district court found that the release of Rose McFarland's guaranty did not meet the requirements of §1823(e) and so could not be enforced against the FDIC. *Id.* In reversing the district court, the Fifth Circuit separately analyzed the two restructured loans and the single loan which was not part of the restructuring. With respect to the two restructured loans, the court noted that it had previously held that *D'Oench* does not apply where the agreement the FDIC seeks to avoid is spelled out in the loan agreement. *Id.* at 537. The court then held that §1823(e) also "applies only to separate and collateral agreements; not to agreements found in the loan documents themselves." *Id.* With respect to Rose McFarland's release, the court reasoned that the fact that the release was not evidenced on the promissory note did not mean that it was "not contained within the loan documents," because a letter maintained "in the bank's files, is clearly one of the loan documents and is not collateral to the renewal note." *Id.* at 537.

With respect to the single note which was not part of the restructuring, the court explained that the note was executed before the release of the guaranty and the loan was not renegotiated, so the release of the guaranty was not part of the loan documents of that loan. *Id.* The court held, however, that this did not preclude Rose McFarland from the protection of the "no asset" exception. *Id.* The court noted that the "no asset" exception cannot "be applied where the agreement is not reflected in the official records of the bank." *Id.* at 538. The court

5

explained, however, that a search of the bank's records would have revealed that the guaranty had been released.  *Id.*  The court held that Rose McFarland's release was not an understanding or side agreement of the type that could cause the FDIC to be misled, and therefore, would be enforced against the FDIC.  *Id.* at 539.

In the instant case, relevant facts on this issue have been set out in this court's previous Memorandum Opinion and Order (Doc. #138 at p.4-6).  The supplemental evidence presented, relevant to the remaining issue, is uncontested.  (Doc. #151 at p.4).  The evidence before the court is that Brown, Sr. executed a separate continuing guaranty.  This continuing guaranty of Brown, Sr. was released in 2011.[2]  The release was found in the bank files, after it was executed, in 2011 and 2012.  Suit was filed by Frontier Bank on April 2, 2012, and the FDIC was substituted as a party in May of 2013.

FDIC argues that *McFarland* is distinguishable from this case, because when Brown, Sr.'s guaranty was released in April 2011, there was no new loan transaction, so the purported release of Brown, Sr. was not part of any loan documents.  While that fact does distinguish Brown, Sr.'s release from the two renegotiated loans in *McFarland*, the distinction does not also apply to the separate, single loan which was not renegotiated.  As to that separate loan, the Fifth Circuit relied on the fact, as is undisputed in this case, that the release of the continuing guaranty was found within the bank's files.  *Id.* at 538; *see also F.D.I.C. v. Myers*, No. 3:12-1241, 2014 WL 4782940, at *3 (M.D. Tenn. Sept. 24, 2014) (citing *McFarland* for the proposition that §1823(e) and *D'Oench* bar a defense based on documents which are secret agreements); Chris Atkinson, Note, *Defending the Indefensible: Exceptions to D'Oench and 12 U.S.C. § 1823(e)*, 63 Fordham L. Rev. 1337, 1417 (1994–95) (stating that in *McFarland* "the no-asset exception was

---

[2] The validity of this release under state law has been raised by FDIC, but is not being considered at this time.

held to apply to a release of liability on a guaranty found in the records of the bank, where the release was so documented in the bank's records as to put the insurer on notice of the release."); Law of Lender Liab. ¶ 11.02[3] (1990).

This court concludes that the new evidence adduced does not alter the application of the no asset exception to *D'Oench* and §1823(e) in this case, because the new evidence, undisputed by FDIC, is that the release of Brown, Sr.'s guaranty was in the bank's records at the time FDIC took over for the failed bank. The court concludes, therefore, that the release of Brown, Sr. was a document which falls within the *McFarland* court's analysis of the "no asset" exception to *D'Oench* and §1823(e).

FDIC also advances the argument that a document that diminishes an asset must be executed contemporaneously with the guaranty, citing *Fed. Deposit Ins. Corp. v. Wright*, 942 F.2d 1089, 1100 (7th Cir. 1991). The "no asset" exception, however, can apply when an obligation is extinguished at a time after the obligation was created but before the asset is acquired by the FDIC. *See Bufman Organization*, 82 F.3d at 1029. To require contemporaneous execution in all cases would be inconsistent with the recognition of that exception.

## IV.  CONCLUSION

For the reasons discussed, the Renewed Motion for Summary Judgment (Doc. #114) is DENIED as to the issue remaining for disposition.

Done this 11th day of September, 2015.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE