IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THE FEDERAL DEPOSIT INSURANCE CORPORATION,

Plaintiff,

v.

HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR.,

Defendants.

HARRY BROWN & CO., LLC; STEWARDSHIP INVESTMENTS, LLC; HARRY I. BROWN, JR.; and JOHN M. BROWN, as personal representative of the ESTATE OF HARRY I. BROWN, SR.,

Counterclaimants,

v.

THE FEDERAL DEPOSIT INSURANCE CORPORATION,

Counterclaim–Defendant.

Civ. Action No. 2:13-cv-350-WHA
(WO)

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion for Summary Judgment (Doc. #159), filed with leave of court by the Defendants, Harry I. Brown, Jr.; Harry Brown & Co., LLC; Stewardship Investments, LLC; and John M. Brown, as personal representative of the Estate of Harry I. Brown, Sr.

This case began in Alabama state court in April 2012 as a suit by Frontier Bank against Harry I. Brown, Jr. ("Brown, Jr."); Harry Brown & Company, LLC ("Brown & Co."); and Stewardship Investments, LLC. Harry Brown, Sr. died on May 22, 2012. Letters Testamentary were issued by the state probate court to Brown, Jr. on June 5, 2012 (Doc. #159-6 at p.12). An Amendment to the Complaint by Frontier Bank on January 22, 2013 in state court added Harry Brown, Jr. as Personal Representative of the Estate of Harry Brown, Sr. (Doc. #1-9). Letters testamentary were issued to John Marshall Brown on February 22, 2013. (Doc. #33-2). Frontier Bank failed, and the Federal Deposit Insurance Corporation ("FDIC") became the Receiver for Frontier Bank. The case was removed to federal court on the basis of FDIC's status on May 22, 2013.

The parties filed a Joint Motion to Stay on August 19, 2013, stating that they had agreed to have the Defendants submit claims to the FDIC and noting that the Estate of Harry Brown, Sr. had not been served with a summons and complaint and had agreed to accept service in accordance with Fed. R. Civ. P. 4(d). (Doc. #17).

The Defendants in the removed case submitted counterclaims to FDIC administratively. FDIC then filed a Second Amended Complaint on February 14, 2014, expanding claims against the Estate of Harry I. Brown, Sr. ("the Estate"), but still naming Harry I. Brown, Jr. as the personal representative of the Estate. (Doc. #30). The Defendants moved to dismiss, noting within the motion that naming Harry I. Brown, Jr. as personal representative of the estate was in error and that the Estate had agreed to accept service. (Doc. #33). In response to an Order of this court on the Motion to Dismiss, the FDIC filed a new Amended Complaint on May 28, 2014, adding John M. Brown as personal representative of the Estate of Brown, Sr. By Order of this court, service of the

Amended Complaint on counsel was deemed sufficient service. (Doc. #38).

The court has ruled on numerous motions for summary judgment filed by FDIC. The court has granted in part a Motion for Summary Judgment by FDIC on the following affirmative defenses: the statute of limitations defense asserted with respect to contract claims, the collateral and payment defense to the extent that is based on an allegation of collateral other than the foreclosure deed, the applicable interest rate, standing, and offset. (Doc. #138). The court also denied the Motion for Summary Judgment in part as to the affirmative defense of the statute of limitations as to the conspiracy to commit fraud and breach of fiduciary duty claims.

The instant motion is a Motion for Summary Judgment by the Defendants. The initial grounds for summary judgment are based on FDIC's failure to comply with certain deadlines, which the court finds more appropriately addressed in the context of the filings as to which FDIC was alleged to have been untimely. The other grounds for summary judgment will be discussed below, and for the reasons discussed, the Motion for Summary Judgment is due to be DENIED.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a

genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1)(A),(B). Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movants:

The debts at issue, as previously identified, are Notes 1 and 2, which are debts of Brown & Co.; Brown, Jr.; and the Brown, Sr. Estate, and Note 3, which is a debt of Stewardship

Investments, LLC and Brown, Jr.

Before the FDIC became a party and the case was removed to this court, the Circuit Court of Coosa County, Alabama entered summary judgment in favor of Frontier Bank as follows:

1. As of September 19, 2012, Stewardship Investments, LLC was indebted to Frontier Bank in the amount of approximately $468,553.50, which is $445,947.71 in principal and $22,595.79 in interest, and $10.00 in late fees plus a reasonable attorney's fee. Interest is accruing at $74.32 per day.
2. As of September 19, 2012, Harry Brown & Co., LLC was indebted to Frontier Bank in the amount of $1,100,627.68, which is $1,056,220.14 in principal, $43,431.28 in interest, and $976.26 in late charges, plus a reasonable attorney's fee. Interest continues to accrue at the rate of $176.04 per day.
3. As of September 19, 2012, Harry I. Brown, Jr., as guarantor of the Brown & Co. and Stewardship debts, was indebted to Frontier Bank in the amount of $1,569,181.18 plus a reasonable attorney's fee. Interest continues to accrue at the rate of $250.36 per day.

(Doc. #1-5 at p. 149). The Order was entered without prejudice to Brown, Jr.; Stewardship Investments; or Brown & Co. asserting affirmative defenses and counterclaims to reduce or eliminate the indebtedness. (Doc. #1-5 at p. 150).

Collateral securing the notes of Harry Brown & Co., LLC was sold at auction for $707,000.00 on October 26, 2012. (Doc. #65-4).

The facts underlying these loan transactions are that Brown & Co. was a limited liability company of Brown, Jr., who was also a director of Frontier Bank. Notes 1 and 2 were guaranteed by Brown, Jr. When the loans were renewed, they were also guaranteed by Brown, Sr., who was Brown, Jr.'s father. Brown, Sr.'s guaranty was limited to $600,000. Steve Townson ("Townson"), the CEO of Frontier Bank, approved a release of Brown, Sr.'s limited guaranty of the loans in April of 2011. FDIC contends that the release was not authorized and also that it was not disclosed during subsequent Board of Directors meetings of Frontier Bank.

## IV. DISCUSSION

The Defendants have moved for summary judgment on FDIC's claims against the Estate arguing that the claims are time-barred, and also on the grounds that there is no evidence of breach of contract, fraud, or breach of fiduciary duty by the Estate or Harry I. Brown, Jr. The court begins with the timeliness arguments.

### Timeliness of FDIC's Claims

The Defendants have two grounds for their argument that summary judgment is due to be granted because FDIC's fraud and breach of fiduciary duty claims against the Estate are untimely: the claims were not timely presented to the probate court and they were not filed in the circuit court or this court within the applicable statute of limitations. More specifically, the Defendants argue that FDIC's claims against the Estate for fraud and breach of fiduciary duty were commenced in this court on May 28, 2014, when the Estate was served, but FDIC only had six months from June 5, 2012, when Harry I. Brown, Sr.'s will was admitted to probate, to bring a claim against the Estate in probate court for its alleged torts, and FDIC had only two years from April 29, 2011, the release of Harry I. Brown, Sr., to file tort claims.

FDIC responds that all of its claims are timely because Frontier Bank filed a Verified Statement of Claim in the probate court on December 3, 2012, that its claims fall within the two-year statute of limitations, and that instead of the Alabama statute, a three-year statute of limitations applies and did not begin to run until March 2012 when FDIC was appointed receiver, citing 12 U.S.C. §1821(d).

Regarding the applicable statute of limitations, the court first notes that the Eleventh Circuit has explained the operation of 12 U.S.C. § 1821(d)(14)(A) & (B). "The district court must

first determine whether the claims being brought by the RTC were viable under the applicable state statute of limitations at the time the RTC was appointed receiver. If the state statute has not yet run, the period provided by 12 U.S.C. § 1821(d)(14)(A) then begins to run." *Resolution Trust Corp. v. Artley*, 28 F.3d 1099, 1101 (11th Cir. 1994) (quotation omitted). "Thus, a claim that accrued before the FDIC–R's appointment is timely only if it was both viable at the time of appointment and filed before the running of the extender statute." *F.D.I.C. v. Cameron*, 986 F. Supp. 2d 1337, 1340 (N.D. Ga. 2013). Therefore, the court must address whether Frontier Bank's claim against the Estate was timely under state law.

The court has previously addressed the application of Alabama's two-year statute of limitations to the fraud and breach of fiduciary duty claims in this case, albeit in the context of the FDIC's Motion for Summary Judgment (Doc. #138). This court previously concluded that summary judgment could not be granted to FDIC on the Defendants' statute of limitations defense because there were questions of fact precluding a determination as a matter of law as to when the case commenced and when the claims accrued. (Doc. #138 at p.8).

The Defendants' instant motion raises a new timing issue: the non-claim statute. Alabama has a statute of non-claim which bars claims asserted against an estate more than six months from the date that letters testamentary are issued. Ala. Code §43-2-350. There is an exception to the non-claim statute for contingent claims. *Edgehill Corp. v. Hutchens*, 213 So. 2d 225 (1968). Within the concept of a "contingent claim" is the idea that "there may be claims not within its operation, because they do not accrue, until the doing of some act by another, after the grant of administration." *McDowell v. Jones*, 58 Ala. 25, 32 (1877). One judge of this court, in addressing whether a claim could be brought in state court, reasoned that where a cause of action for fraud did not accrue until after the decedent's death, a plaintiffs' fraud claim against the estate

was akin to "contingent claim" under *Edgehill,* so that Ala. Code § 43–2–350 did not bar the claim. *See Morgan v. Cook*, 180 F. Supp. 2d 1301, 1305 (M.D. Ala. 2001). In the context of another non-claim statute for claims against a county, the Alabama Court of Civil Appeals analogized the case to one applying a fraud discovery rule and determined that "accrual" under the non-claim statute occurred when a reasonable person would have been on notice that the county did not intend to comply with an agreement. *Jacks v. Madison Cnty.*, 741 So. 2d 429, 431 (Ala. Civ. App. 1999).

The reasoning of these cases persuades this court that a claim which had not accrued within 6 months of the issuance of letters testamentary is not barred by the non-claim statute. Accrual analysis also applies to the applicable statute of limitations. *See Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So. 2d 1292, 1297 (Ala. 1995) (statute of limitations does not begin to run until the plaintiff discovers or should have discovered fraud). The court, therefore, turns to commencement and accrual analysis as applied to both timing defenses.

To aid in its analysis, the court sets out the following timeline with the parties' respective positions as to accrual of the claims at issue and commencement.

| | | |
|---|---|---|
| Brown Sr.'s Release | April 2011 | Defendants' Accrual of Claims Date |
| William Logan Affidavit | November 2012 | Plaintiff's Accrual of Claims Date |
| Brown Estate Named | January 22, 2013 | Plaintiff's Commencement Date |
| Brown Estate Served | May 28, 2014 | Defendant's Commencement Date |

Beginning with the commencement of the case issue first, the court must again conclude, as it did in ruling on FDIC's motion, that questions of fact preclude summary judgment on this issue. Letters Testamentary were issued to Brown, Jr. on June 5, 2012 (Doc. #159-6 at p.12). An

Amendment to the Complaint by Frontier Bank on January 22, 2013 in state court added Harry Brown, Jr. as Personal Representative of the Estate of Harry Brown, Sr. (Doc. #1-9). Letters testamentary then were issued to John Marshall Brown on February 22, 2013. (Doc. #33-2). Frontier Bank failed, FDIC was appointed receiver, and the case was removed to federal court. On August 19, 2013, the parties filed a Joint Motion for Stay in which they stated that the Estate had not been served with a summons and complaint and had agreed to accept service in accordance with Rule 4(d). (Doc. #17). FDIC then filed a Second Amended Complaint, expanding claims against the Estate of Harry I. Brown, Sr. ("the Estate"), but still naming Harry I. Brown, Jr. as the personal representative of the Estate. (Doc. #30). The Defendants moved to dismiss, noting within the motion that naming Harry I. Brown, Jr. as personal representative of the estate was in error, and also stating that it had agreed to accept service. (Doc. #33 at p.3 n.2). By order of the court, a new Amended Complaint was filed and service was deemed effective on May 28, 2014.

These facts could lead to the conclusion that there was a bona fide intent to have the complaint served at the time the Amended Complaints were filed. *See Dunnam v. Ovbiagele*, 814 So. 2d 232, 237 (Ala. 2001) (stating that the mere date of filing a complaint does not commence an action for purposes of the statute of limitations, but instead the complaint must be filed and there must be a bona fide intent to have it immediately served).

As to the fact that the wrong representative of the Estate was named in an Amended Complaint, the court is persuaded by FDIC's relation back argument. Under Federal Rule of Civil Procedure 15(c), relation back applies when the basic claim must have arisen out of the conduct set forth in the original pleading; the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and the

second and third requirements are fulfilled within the prescribed period provided for serving the summons and complaint. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (applying Rule 15 where FDIC as receiver sought to amend a complaint to bring claims on additional loans). In this case, John Brown was a replacement of the previous Estate representative, Harry Brown, Jr. The issue of the circumstances under which Brown, Sr.'s guaranty was released, including allegations of fraud, were raised in the Amendment to the Complaint filed in state court by Frontier Bank on January 22, 2013 (Doc. #1-9). The representative of the Estate had notice of the Amended Complaint, since the Estate had agreed to waive service at some point prior to August 19, 2013 (Doc. #17), and was given a Waiver of Service of Summons form for the Second Amended Complaint filed by FDIC on February 14, 2014, so may have had notice of the claims against it within the relevant period. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 555 (2010) (stating that relation back "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."). The court cannot conclude otherwise as a matter of law at this point in the proceedings.

As to the new issue of commencement raised by the Defendants based on the argument that FDIC has failed to present its claims to the probate court for purposes of the non-claim statute, the court agrees that the verified claim did not bring a claim for breach of fiduciary duty or fraud. However, the "filing of a suit in circuit court within the six-month limitation period obviates the need of filing a claim in the probate court as required by the nonclaim statute." *Ivory v. Fitzpatrick*, 445 So. 2d 262, 264 (Ala. 1984). The court concludes, therefore, the January 22, 2013 filing of claims in state court for fraud and breach of fiduciary duty to invalidate the release can also satisfy the non-claim statute, if the claims are ultimately found to have been commenced

on that date.

The remaining issue before the court as to timeliness, therefore, is whether the claims accrued within the relevant time period preceding the filing of the Amended Complaint. When the court ruled on FDIC's previously-filed Motion for Summary Judgment (Doc. #138), the court concluded that FDIC did not sufficiently support its motion and there were questions of fact as to when the fraud claims accrued. (Doc. #138 at p. 7-9).

Now that the case is before the court on the Defendants' Motion for Summary Judgment, the court must reach the same conclusion. The Defendants have based their argument for accrual of the claims on an April 2011 date, which is the date of Brown, Sr.'s release. FDIC does not dispute that the release was signed on April 29, 2011, but FDIC argues that Frontier Bank was not aware of any fraud or that the release had not been appropriately approved at that time. FDIC states that the Defendants have no evidence that Townson told Logan that the Board had been polled until shortly before Logan signed his affidavit in November of 2012. The court cannot make a determination as a matter of law as to when the claim accrued, but there is at least a question of fact as to whether it accrued on a date other than, and later than, the date supported by the Defendants' evidence. The date pointed to by FDIC, November 2012, falls within 6 months and also within 2 years prior to the filing of the January 22, 2013 Amended Complaint.

In summary, there are questions of fact which preclude a determination as a matter of law, but could support a finding that the fraud and breach of fiduciary duty claims against the Estate accrued in November 2012 and were commenced on January 22, 2013. Therefore, the court must conclude that the Motion for Summary Judgment by Defendants, like the previous one of FDIC, must be DENIED as to the statute of limitations.

**Substantive Arguments**

In addition to the statute of limitations arguments, the parties have also advanced substantive arguments. One of those arguments by FDIC is that it is entitled to summary judgment of the merits of its claims. FDIC, however, did not seek and was not given leave to file an out-of-time motion; therefore, the court has not considered that argument.

The Defendants' remaining arguments in their Motion for Summary Judgment are based primarily on the availability of evidence at trial. FDIC's response does not address the specific aspects of the Defendants' arguments, but instead cites the court to multiple exhibits in the record without comment. As noted earlier, during the pendency of this case, the court has addressed numerous dispositive motions filed by FDIC. This late-filed motion is the first time the Defendants have placed FDIC's claims at issue in a motion. While the court allowed the motion because it had concerns about the timeliness of FDIC's claims, as discussed above, the court cannot conclude that the Defendants are entitled to judgment on that issue. It appears to the court that the better approach to the remaining arguments is to deny the Motion for Summary Judgment, but, to deny it without prejudice to the Defendants raising these arguments in a motion for judgment as a matter of law after presentation of admissible evidence at trial.

**V. CONCLUSION**

For the reasons discussed, it is hereby ORDERED that the Defendants' Motion for Summary Judgment (Doc. #159) is DENIED.

Done this 10th day of December, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE