IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THE FEDERAL DEPOSIT INSURNACE CORPORATION,

Plaintiff,

v.

HARRY BROWN & CO., LLC, et al.,

Defendants,

HARRY BROWN & CO., LLC, et al.,

Counterclaimants,

THE FEDERAL DEPOSIT INSRUANCE CORPORATION,

Counterclaim-Defendant.

CIVIL ACTION NO. 2:13-cv-350-PGB

(wo)

**ORDER**

This cause is before the court on the Defendants' Motions in Limine (Doc. #182) filed on December 14, 2015. The Defendants seek to exclude and to prevent opposing counsel from referring to the following categories of evidence: declarations made by Christopher Zodrow that former members of the Frontier Bank Board of Directors told him that they had not been asked to approve the release of Harry Brown, Sr.'s limited guaranty; a statement about the will change of Harry Brown, Sr.; criminal indictments of individuals not parties in this case; the authority to order a written release of Harry Brown, Sr.'s guaranty; exhibits subject to objection; witness

interviews not produced by FDIC; documents not produced by FDIC; and reports of credit to insiders. The court will address each in turn.

**A. Zodrow's statements**

The Defendants seek to exclude statements from Christopher Zodrow ("Zodrow"), Chair of the Board of Directors of Frontier Bank, made in Declarations on the ground that the statements are inadmissible hearsay. The Defendants identify statements made by Zodrow in Declarations to the effect that former members of the Frontier Bank Board of Directors told Zodrow that they had not been asked to approve the release of Harry I. Brown Sr.'s guaranty. The Defendants state that this evidence is inadmissible hearsay and irrelevant because the limited guaranty of Harry Brown, Sr. did not require Board approval for termination.

In response, the Plaintiff, FDIC, argues that Zodrow does not have to testify concerning his conversations with other Directors of Frontier Bank, because he has personal knowledge that the Frontier Board never approved any release of Brown Sr.'s guaranty, which is confirmed by the minutes of the board meetings, and can testify to that directly. As to relevance, FDIC argues that Regulation O, a relinquishment of lending authority by Townson, and Harry Brown, Jr. and Harry Brown, Sr.'s fiduciary duty and federal law prohibited the release without Board approval.

Avoiding the hearsay objection, FDIC proposes to have Zodrow testify that he himself was aware that the Board did not approve the release of Brown, Sr.'s guaranty. Through the course of this case, FDIC has maintained that Steven Townson, CEO of Frontier Bank, told Bill Logan, Loan Officer, that the Board approved the release of the guaranty, and this representation was relied on to the detriment of FDIC's predecessor, Frontier Bank. (Doc. #78 at p.9). In evaluating the remaining Fed. R. Evid. 401 objection, therefore, the court concludes that Zodrow's testimony within his personal knowledge that the Board did not approve the release

has relevance in this case. Relevance being the only cited basis for objection, the Motion in Limine is due to be DENIED on this point.

**B. Will Change**

The Defendants oppose FDIC's characterization of Harry Brown, Sr.'s change to his will as a part of a plot to defraud Frontier Bank. Specifically with regard to the evidence used to support this theory, the Defendants seek to exclude testimony of William Bond ("Bond"), of Frontier Bank, that Harry Brown, Sr.'s will was changed shortly before his death and only a year after the alleged fraud. They point to Bond's testimony in his deposition that one of Brown, Sr.'s attorneys, Barry Vaughn ("Vaughm"), stated that Brown, Jr. had caused his father to change his will. The Defendants argue Bond's testimony is inadmissible hearsay, irrelevant, and that Bond does not have firsthand knowledge of the information. The Defendants further argue that the information should be excluded on the ground of privilege. The Defendants move to exclude this evidence under Rules 401, 403, 802, 805, and on grounds of privilege.

Bond's testimony is that he was told by Vaughn that "a month or two before Mr. Brown, Sr. died, Harry Brown had him change the will that left everything that was supposed to go to him to his wife." (Doc. #182-1 at p. 264:8-14).

Beginning with the Rule 401 objection, the court cannot conclude that the evidence is irrelevant. FDIC contends that Hary Brown, Sr. conspired to protect his assets and as part of that conspiracy, his guaranty was improperly released. Therefore, the evidence has relevance. That is not the end of the inquiry, however.

As to the hearsay objection, FDIC contends that Vaughn was one of the probate attorneys for Brown Sr.'s Estate and his statement was made within the scope of his representation of that party, so FDIC contends, the statement is not hearsay pursuant to Rule

801(d)(2). The relevance and hearsay objections are the only objections addressed by FDIC in its response.

With regard to attorney-client privilege, the party claiming the privilege must generally establish the following elements: (1) the holder of privilege is a client; (2) the person to whom communication was made is a member of the bar and that person is acting as a lawyer in connection with the communication; (3) the communication relates to a fact of which attorney was informed by the client without the presence of strangers for the purpose of securing legal advice; and (4) the privilege is claimed and not waived by the client. *In re Grand Jury* Proceedings 88–9 (MIA), 899 F.2d 1039, 1042 (11th Cir. 1990). The privilege survives death. *Swidler & Berlin v. U.S.*, 524 U.S. 399, 411 (1998). FDIC's argument that the statement at issue is not hearsay, as outlined above, is that the statement by Vaughn should be considered an admission because it was made by Vaughn in a capacity of his legal representation of a party. That very argument about the facts surrounding the statement, however, demonstrate that the statement is subject to attorney-client privilege. FDIC has provided no basis for concluding otherwise. Therefore, the Motion in Limine is due to be GRANTED as to this testimony.

**C. Putative wrongdoing**

The Defendants seek to exclude reference to criminal indictments or "putative wrongdoing" by others. The Defendants refer generally to criminal indictments entered that are not related to this case. The Defendants argue that FDIC has not pled allegations that the Defendants in this case were involved in these activities. The Defendants also state that Bond and Zodrow deny knowledge of any criminal investigation or activity. The Defendants seek to exclude this evidence under Rules 401, 403 and lack of notice.

FDIC responds that it does intend to present evidence of six felony guilty pleas as proof of guilt on the part of the Defendants in this case of any criminal activity, but as evidence of an overall conspiracy to increase the value of Frontier Bank's stock to obtain loans (the Stewardship loans) as part of Townson's plan to dump the stock of Frontier Bank. FDIC states that it does not intend to use the guilty pleas that arose out of Townson's fraud to prove criminal guilt, but instead as evidence of the overall conspiracy and to explain Logan's claim of Fifth Amendment privilege.

The court agrees that evidence of criminal indictments and guilty pleas of persons not parties in this case is of limited probative value and is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury and is, therefore, due to be excluded under Fed. R. Evid. 403.

If the Fifth Amendment privilege is invoked, and in doing so makes more probative the evidence of criminal indictments and guilty pleas by other individuals, the court will revisit the issue of the admissibility of this evidence. The Motion in Limine is due to be GRANTED to the extent that FDIC is not to refer to these criminal indictments unless FDIC first takes up the issue of their admissibility outside of the presence of the jury.

**D. Authority to Order the Written Release**

The Defendants seek to exclude the subject of authority to order the written release of Brown, Sr.'s limited guaranty. The Defendants contend that FDIC's claim regarding this issue has been decided and that FDIC cannot produce any record that establishes that Townson and Logan lacked authority to release the limited guaranty.

FDIC responds to the Defendants' lengthy motion with a short response to the effect that Townson surrendered his lending authority before he released Brown, Sr.'s guaranty and the

exhibit the Defendants refer to is a rebuttal exhibit if the Defendants try to claim that Townson had authority to cause Logan to execute the release of Brown, Sr.

FDIC took the position during discovery in this litigation, when asked to produce Frontier Bank documents which show that the release was an ultra vires act, that the release was improper because it violated 12 U.S.C. §1823(e). (Doc. #44-2).

This court has addressed the question of the authority to release the guaranty at several points in this case. In ruling on a Motion to Dismiss, the court explained as follows:

> There is no allegation in the Amended Complaint, however, that Logan, who executed the release, was a co-conspirator or was acting outside of his authority in signing the release. There also is no allegation that execution of the agreement is outside of the authority of Frontier Bank. Additionally, there are no facts alleged to show that a request to Logan, the Loan Officer, by Townson, a Director, to release a guaranty would be outside of Townson's authority. The wrongdoing alleged is fraud, or breach of fiduciary duty, in inducing Frontier Bank to execute an agreement based on a misrepresentation of fact. While the Amended Complaint states Logan was induced to act by Townson's fraud, and that the fraud was not within Townson's authority, it does not allege what authority has been exceeded.[3] Fraud and breach of fiduciary duty claims have been separately pled. Because no authority is alleged to have been exceeded which would state a separate ultra vires claim, the ultra vires act claim is due to be dismissed.

(Doc. #78 at p.11).

The position of FDIC in opposition to the Motion in Limine that Townson surrendered his lending authority before he released Harry Brown, Sr.'s guaranty appears to be a new position. Because FDIC contends, however, that the evidence will only be offered in rebuttal, the Motion in Limine will be GRANTED to the extent that no reference will be made to this issue of authority without first taking it up outside the presence of the jury.

**E. Exhibits**

The Defendants seek to exclude FDIC's trial exhibits 3-10 and any testimony that FDIC seeks to elicit on the facts and subjects of those exhibits. The exhibits include redacted tables and the affidavit Logan signed at the request of Bond. The exhibits have been separately objected to and will be addressed within the context of those objections.

**F. Undisclosed Witness Communications and Documents**

The Defendants seek to exclude transcripts of witness communications that were not produced by FDIC in response to discovery requests. The Defendants also seek to exclude any documents that that were not produced from the discovery request or using "third party witnesses from insinuating ambush documents into trial."

FDIC states that no witness transcripts exist and that FDIC is unaware of any "ambush documents" that will be presented at trial. The Motion in Limine is therefore due to be DENIED as moot.

**G. Reports of Credit to Insiders**

The Defendants state that Mr. Hammett, FDIC's corporate representative, was asked about a redacted table offered to reflect extensions of credit to Frontier Bank insiders and could not authenticate it. The Defendants state that this and another table are inadmissible hearsay and are barred under Fed. R. Evid. 1002. The Defendants take the position that the tables are not admissible as business records because they are not part of the minutes of Frontier Bank. The Defendants also stated that these tables are related to Regulation O, which is outside the scope of this case and is due to be excluded under Rule 403.

FDIC responds that they will be authenticated by Christopher Zodrow and he will establish the reports as business records. FDIC does not, however, address why a report of information that violates Regulation O is relevant in this case.

In a previous Memorandum Opinion and Order, the court noted that a violation of Regulation O was outside of the scope of the issue held in abeyance by the court. (Doc. #152 at p.3). There is no claim based on violation of Regulation O in the Amended Complaint (Doc.

#39). Arguments regarding Regulation O appear to be tied to FDIC's position that approval of the release was an ultra vires act. (Doc. #150). The court cannot conclude, therefore, that relevance of this evidence has been established. The tenuous connection of this evidence to the issues remaining for trial mean that its probative value is substantially outweighed under Rule 403 balancing. Therefore, the court concludes that the Motion in Limine is due to be GRANTED as to evidence to support the Regulation O violation theory. If FDIC contends that this evidence has become relevant during the trial, FDIC is to take up the admissibility of this evidence outside of the presence of the jury.

For the reasons discussed, it is hereby ORDERED that the Defendants' Motion in Limine (Doc. #182) is GRANTED in part and DENIED in part as follows:

1. The Motion in Limine is DENIED as to testimony by Christopher Zodrow that former members of the Frontier Bank Board of Directors had not approved the release of Harry I. Brown Sr.'s limited guaranty.

2. The Motion in Limine is GRANTED as to testimony of William Bond that Vaughn told him Harry Brown, Sr.'s will was changed shortly before his death.

3. The Motion in Limine is DENIED as moot as to witness interviews not produced by FDIC and documents not produced by FDIC, FDIC having represented that it does not intend to offer such evidence.

4. The Motion in Limine is GRANTED to the extent that evidence of the following is not to be referred to by FDIC at trial unless first taken up outside of the presence of the jury: criminal indictments of individuals not parties in this case, the authority to order a written release of Brown, Sr.'s guaranty, and reports of credit to insiders. Objections to Exhibits will be ruled on by separate Order.

Done this 5th day of February, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE