IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE FEDERAL DEPOSIT INSURNACE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:13-cv-350-PGB |
| HARRY BROWN & CO., LLC, et al., | ) ) ) | (wo) |
| Defendants, | ) ) ) | |
| HARRY BROWN & CO., LLC, et al., | ) ) | |
| Counterclaimants, | ) ) | |
| THE FEDERAL DEPOSIT INSRUANCE CORPORATION, | ) ) ) | |
| Counterclaim-Defendant. | ) | |

**ORDER**

This cause is before the court on the Plaintiff's Objections to Defendants' Trial Exhibits (Doc. #165).  The Plaintiff, FDIC, sets out a table listing all of the Defendants' trial exhibits, notes the exhibits to which FDIC does not object, and states its objections to the remaining exhibits.  The objections are briefly stated and, for the most part, are as to relevance or to hearsay.

    A.    **Relevance objections**

FDIC has objected on the ground of relevance to many of the Defendants' exhibits.  The Defendants have stated in response to each of these objections that "the Plaintiff's boilerplate objection cannot be sustained and is due to be overruled  because it does not set forth good

grounds and does not cite legal authorities, in violation of the order which is Doc. 32, §11." (Doc. #169). Some of the Defendants' responses also include additional language that the "objection is misleading insofar as it purports to state the issue or issues on which the exhibit is offered by the Defendants, further reasons for overruling the objection." (Doc. #169). The Defendants, however, do not state the purpose for which they intend to offer the challenged exhibit.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. The court has ruled on separately-filed Motions in Limine and concluded that some evidence identified by the parties is due to be excluded, or must be taken up outside of the presence of the jury before a party offers it at trial. For example, the court has ruled that evidence of Harry Brown, Sr.'s good character is due to be excluded. That ruling includes Defendants' Exhibits #87 and #130, to which FDIC has objected on that ground. (Doc. #165 at p.8). Accordingly, the objections to those exhibits are due to be SUSTAINED.

The court has also ruled that evidence relating to Bank Owned Life Insurance may be relevant for a limited purpose in evaluating the injury element of FDIC's claims. Therefore, the relevance objection to Defendants' Exhibit #98 is due to be OVERRULED.

These are just examples of exhibits objected to which appear to the court to fall within its rulings on Motions in Limine. Any exhibits included within this court's rulings on the Motions in Limine are excluded as previously ordered.

As to other relevance objections, although the Defendants contend that the objections are "boilerplate," FDIC has done more than merely object to listed exhibits. FDIC has cited relevance as a ground for the objection and has stated at least one reason as a basis for the

relevance objection.  While FDIC's objections are brief, the Defendants have not responded in any substantive way to the objections as stated.  Therefore, the Defendants' exhibits which have been objected to on relevance grounds in Doc. #165, if offered by the Defendants at trial, will not be automatically admitted.  If FDIC advances the same relevance objection at trial, the court will evaluate the objection in light of the state of evidence at trial.

      **B.**       **Hearsay objections**

FDIC has objected to several of the Defendants' exhibits on the ground that they are affidavits and, therefore, inadmissible hearsay.  These include Defendants' Exhibits #57, 59, 63, 66, 67, 68, 82, 116, 118, 142, 145, 162, 163, and 168.  As to all of these objections, the Defendants have recited the same language that FDIC's objection is "boilerplate."

The court has reviewed the objected-to exhibits and finds that they are either affidavits or declarations by various individuals.  Such evidence falls within Federal Rule of Evidence 801(c) because the affidavits and declarations are statements the declarants did not make while testifying at the trial and are offered to prove the truth of the matter asserted.  *See, e.g., United States v. Rodriguez*, 259 F. App'x 270, 275 (11th Cir. 2007) (holding affidavits to be inadmissible hearsay, offered as substantive evidence, and not impeachment material).  The objections to these exhibits, therefore, are due to be SUSTAINED.

FDIC has also objected to Defendants' Exhibit 85 on the ground of hearsay, stating that Logan must assert a Fifth Amendment claim, not his lawyer.  Defendants' Exhibit 85 is a letter from James Studivant about William Logan invoking the Fifth Amendment privilege at any court proceeding. (Doc. #176-65).  Without any substantive response from the Defendants as to why this out-of-court statement is admissible and not hearsay, the court concludes that the objection is due to be SUSTAINED.

For the reasons discussed it is hereby ORDERED as follows:

1. The Objections to Defendants' Exhibits #57, 59, 63, 66, 67, 68, 82, 85, 87, 116, 118, 130, 142, 145, 162, 163, and 168 are SUSTAINED.

2. The Objection to Defendants' Exhibit #98 is OVERRULED consistent with the court's ruling on the Motion in Limine.

3. All other relevance objections in Doc. #165 are preserved and if re-stated at trial will be ruled on at that time.

Done this 5th day of February, 2016.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE