IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE FEDERAL DEPOSIT INSURNACE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:13-cv-350-PGB |
| HARRY BROWN & CO., LLC, et al., | ) ) | (wo) |
| Defendants, | ) ) ) | |
| HARRY BROWN & CO., LLC, et al., | ) ) | |
| Counterclaimants, | ) ) | |
| THE FEDERAL DEPOSIT INSRUANCE CORPORATION, | ) ) ) | |
| Counterclaim-Defendant. | ) | |

**ORDER**

This cause is before the court on the Defendants' Objections to Plaintiff's Witness List (Doc. #163) and the Plaintiff's Objections to Defendants' Witness List (Doc. #164).

The Defendants raise objections to witnesses on the list of the Plaintiff, FDIC, stating that FDIC did not provide phone numbers for one group of witnesses and did not provide addresses for another group. The witnesses for whom the Defendants state FDIC listed no phone number are William Bond, John Sivley, Wanda Presley, Steven Townson, William Logan, and Margaret Tilton, and the witnesses as to whom the Defendants object because FDIC failed to provide addresses are Steven Townson and Margaret Tilton. The Defendants contend, however, that the

Defendants would not be precluded from calling some of these witnesses because they are listed on the Defendants' witness list with the proper telephone numbers and addresses provided.

In response, FDIC states that it does not have the telephone numbers of the identified witnesses. FDIC states, however, that William Bond, John Sivley, Wanda Presley, and William Logan are all represented by counsel and Defendants were provided with their counsel's contact information. FDIC contends that because the Defendants were able to schedule depositions through counsel they have not been prejudiced by FDIC's failure to provide a telephone number.

As to the objection based on lack of address, FDIC states that it does not have the contact information of Townson. FDIC contends, however, that the Defendants have not been prejudiced by this because the Defendants have previously contacted Townson and filed a Declaration of Townson in this particular case. FDIC states it also does not have the contact information of Tilton because they were informed she was represented by counsel. However, FDIC argues that the Defendants have not been prejudiced because they have the telephone number and address of Tilton, and have contacted her to obtain a Declaration for this case.

Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x. 821, 824 (11th Cir. 2009). In determining whether the failure to disclose was justified or harmless, a court considers the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted. *Lips v. City of Hollywood*, 350 F. App'x. 328, 340 (11th Cir. 2009).

In this case, as noted, the Defendants have filed a witness list which includes some of the Plaintiff's witnesses identified in the Defendants' objections; namely, Wanda Presley, John Sivley, Steven Townson, and Margaret Tilton.  The Defendants also state that they have provided the phone numbers and addresses for the witnesses they listed and, accordingly, should be able to call these witnesses themselves.  (Doc. #163 at p.2-3).  Therefore, as to those witnesses, the Defendants have the information they state FDIC failed to provide.  Also as noted above, with regard to William Bond and William Logan, FDIC represents that the Defendants have the phone number of counsel for William Bond and William Logan, and that the Defendants scheduled depositions using those numbers.

Considering the relevant factors, and finding no prejudice to the Defendants if FDIC is allowed to call the witnesses at issue, the court concludes that the Objections are due to be OVERRULED.

Although FDIC has filed  "Objections to Defendant's Witness List," within those objections, FDIC states that it cannot object to the Defendants' witnesses because it does not know the subjects of the witnesses' testimony.  FDIC also states that Section 9 of the Scheduling Order (Doc. #32) does not provide for objections to witnesses.  In response, the Defendants state that no objections have been raised as to their witnesses, so no response is due.  (Doc. #169).

The Scheduling Order (Doc. #32) contemplates exclusion of witnesses for failure to comply with Section 9 of that order.  FDIC has not made any objection to the effect that the Scheduling Order provision has not been complied with by the Defendants.  Therefore, while particular testimony of the witnesses listed by the Defendants may be objected to on grounds consistent with the Federal Rules of Evidence, none of the Defendants' witnesses are precluded from testifying.

3

    For the reasons discussed, the Defendants' Objections to Plaintiff's Witness List (Doc. # 163) and the Plaintiff's Objections to Defendant's Witness List (Doc. #164) are ORDERED OVERRULED.

Done this 5th day of February, 2016.

                                                PAUL G. BYRON
                                                UNITED STATES DISTRICT JUDGE