IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE FEDERAL DEPOSIT INSURNACE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:13-cv-350-PGB |
| HARRY BROWN & CO., LLC, et al., | ) ) | (wo) |
| Defendants, | ) ) ) | |
| HARRY BROWN & CO., LLC, et al., | ) ) ) | |
| Counterclaimants, | ) ) | |
| THE FEDERAL DEPOSIT INSRUANCE CORPORATION, | ) ) ) | |
| Counterclaim-Defendant. | ) ) | |

## <u>ORDER</u>

This cause is before the court on the Defendants' Brief on Jurisdiction (Doc. # 194) filed on January 8, 2016, and construed by the court as a Motion.  The Defendants bring to the court's attention that the two loans made by Frontier Bank to Brown & Co., LLC are no longer assets of the FDIC, effective December 9, 2015. Defendants move the court for entry of an order allowing the action to be continued by the FDIC.  Plaintiff, FDIC, agrees with the relief requested by Defendants. (Doc. # 197).

Defendants submit they recently received correspondence which establishes that the two loans made by Frontier Bank to Brown & Co., LLC were sold to The Cradle Company II, Inc. (Doc. #194-1). By divesting themselves of the loans, Plaintiff raises issues of standing and

jurisdiction. The Defendants suggest that the court can remedy this dilemma by entering an order, pursuant to Fed. R. Civ. P. 25(c), allowing the action to be continued by the original party — Plaintiff FDIC. *See Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1357 (11th Cir. 1994). Plaintiff previously sold or transferred the Stewardship, LLC Loan, and the court determined the proper remedy was to allow the action to be continued by the FDIC, rather than substituting the purchaser of the loan. (Doc. # 112). Plaintiff, FDIC, agrees with the Defendants and requests that it be permitted to continue in the prosecution of this matter. (Doc. # 197).

For the reasons discussed, it is hereby ORDERED that the Defendants' Motion (Doc. # 194) is GRANTED and the court directs that the action will be continued by the Plaintiff, and The Cradle Company II, Inc. will not be substituted as the Plaintiff.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE