# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

CADLEROCK III, LLC,

      Plaintiff, as substituted for
      Federal Deposit Insurance Corp.,

v.                                  Case No:  2:13-cv-350-PGB-SRW

HARRY BROWN & CO., LLC, *et al.*,

      Defendants.

---

## ORDER

This cause is before the Court on the Estate's Second Renewed Application and Motion for Attorney's Fees, Expenses, and Costs Under the Equal Access to Justice Act (Doc. 308 ("**Fees Motion**")), and its Motion for Order Conforming Judgment for Costs (Doc. 321 ("**Conforming Motion**")).[1] Magistrate Judge Susan Russ Walker submitted a report recommending that the Fees Motion be denied, and the Conforming Motion be granted. (Doc. 331 (the "**Report**")). The Estate objected to the Report. (Doc. 332 (the "**Objection**")). With briefing complete, the matter is ripe. For the reasons set forth herein, the Objection is sustained.

## I.    BACKGROUND

The factual and procedural background as set forth in the Report is hereby adopted and made a part of this Order. (*See* Doc. 331, pp. 2–9).

---

[1]    The motions were filed by Defendant John M. Brown as personal representative of the Estate of Harry I. Brown, Sr. For purposes of this Order, the Court will refer to Defendant John M. Brown as the "Estate."

## II. STANDARD OF REVIEW

When a magistrate judge has been designated to decide a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review by filing objections to those specific portions of the decision with which the party disagrees. Fed. R. Civ. P. 72(b)(2). The district judge must then make a *de novo* determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

With respect to Magistrate Judge Walker's recommendation as to the Conforming Motion, there are no objections. Accordingly, this recommendation is adopted without further comment.

The Estate objects to Magistrate Judge Walker's recommendation that the Fees Motion be denied. Specifically, the Estate disagrees with her finding that the government's prosecution of the claims was substantially justified. (Doc. 332, p. 2).

The Equal Access to Justice Act ("**EAJA**") permits a district court to award a prevailing party fees and expenses incurred by that party in a civil action brought by or

against the United States. 28 U.S.C. § 2412(d)(1)(A). The purpose of the EAJA is to ensure that private parties "will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R. Rep. No. 99–120, at 4 (1985). However, the Supreme Court has emphasized that because the EAJA is a partial waiver of sovereign immunity, it "must be strictly construed in favor of the United States." *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).

The EAJA mandates that a court shall not award fees to a prevailing party if it finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is "substantially justified" if the government's arguments possessed a "reasonable basis both in law and fact." *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Although the government bears the burden of showing that its position was substantially justified, "the fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *Lumpkin v. Barnhart*, 493 F. Supp. 2d 1199, 1202 (S.D. Ala. 2006). However, a court should "look closely" at cases "where there has been a judgment on the pleadings or where there is a directed verdict or where a prior suit on the same claim has been dismissed" because such cases "raise the possibility that the government was unreasonable in pursuing the litigation." *Citizens Bank, Valley Head, Ala. v. United States*, 558 F. Supp. 1301, 1303 (N.D. Ala. 1983) (quoting H.R. Rep. No. 96–1418, at 11 (1980)).

Here, the Estate seeks an award of $165,640.06 for the fees and expenses it incurred in litigating this action, arguing that the Federal Deposit Insurance Corporation's

("**FDIC**")[2] position on the two breach of contract claims was not substantially justified. (Doc. 308). The Estate maintains "to prevail against the Estate on [the two counts], as the Court correctly ruled many times, the FDIC had to prove that the written and signed release of Harry Brown, Sr. was procured by fraud." (*Id.* at p. 16). However, the FDIC "produced zero evidence of fraud, and it knew throughout litigation and during trial that it had no evidence of fraud." (*Id.*). The Estate points out that the "so-called insider reports that its witness [] had contended before trial showed a breach of fiduciary duty were not even admitted into evidence." (*Id.*). At trial, the Court granted judgment as a matter of law in favor of the Estate on the two breach of contract claims after finding that the FDIC failed to prove the release was procured by fraud. (Doc. 260).

Magistrate Judge Walker rejected the Estate's arguments and found that the FDIC's position on the breach of contract claims was substantially justified. (Doc. 331, pp. 15–16). Magistrate Judge Walker reached this conclusion by noting that, although the FDIC came up short on its proof at trial, "the validity of the Brown Senior release was litigated at length in this case." (*Id.*). The Report quoted an order denying the Estate's motion for summary judgment on the breach of contract claims, where the Court summarized the issue as follows:

> [The] FDIC's position on the issue remaining for disposition in the Motion for Summary Judgment is that the reliance on the release of the limited guaranty by Brown, Sr. is prohibited by 12 U.S.C. §1823(e) and *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1994), because the release was not approved of the Board of Directors of Frontier Bank, and no exception applies. The FDIC also has argued that there was no arms-length negotiation between Frontier Bank and Brown, Sr., but instead there was fraud and collusion. This court has previously agreed that *D'Oench* and

---

[2]   On December 18, 2018, CadleRock III, LLC, was substituted as the plaintiff in this action in place of the FDIC. The Court thus refers to CadleRock III, LLC, as "Plaintiff." (Doc. 331).

§1823(e) could apply to the release of Brown, Sr.'s guaranty if the guaranty was not validly released under state law. Because there are fact issues as to fraud, however, the court was persuaded that a question of fact also precluded summary judgment on the counterclaims based on the "no asset" exception to D'Oench and §1823(e) as applied in the persuasive authority of the Fifth Circuit's *McFarland* case. (Doc. #78, 138).

(*Id.* (citing Doc. 152, p. 3)). Accordingly, Magistrate Judge Walker concluded that the FDIC's position was substantially justified because: (1) the issue of the validity of the release was raised at various stages of litigation, (2) the Court denied summary judgment on the relevant claims, (3) and the Court "acknowledged that § 1823(e) *could* apply to the release in certain circumstances." (*Id.*).

The Estate objected to Magistrate Judge Walker's conclusion, claiming the Report failed to cite evidence warranting a conclusion that the claims prosecuted against the Estate were substantially justified. (Doc. 332, p. 2). In doing so, the Estate maintains the Report did not properly hold Plaintiff to its burden of proof to avoid EAJA liability—to justify the litigation with facts of record instead of mere allegations or theories posited. (*Id.*). The Estate contends that the "lack of facts is undisputed, hence the directed verdict for the Estate . . . . [which] is another reason why the Court should carefully consider and find that Plaintiff was not substantially justified in prosecuting allegations of fraud and contract debt against the estate." (*Id.* at p. 3 (citing *Citizens Bank*, 558 F. Supp. at 1303)).

The Court agrees with the Estate that the FDIC's prosecution of the two contract claims against the Estate was not substantially justified. In its response to the Fees Motion, Plaintiff contends that the fact that the FDIC's claims withstood dispositive motions filed by the Estate shows that the FDIC's claims "did have substantial

justification." (Doc. 327, pp. 14–15).[3] Plaintiff does not set forth any other reason—let alone facts of record—that support a finding of substantial justification. The Court acknowledges that the FDIC losing its case on the relevant claims does not raise a presumption that its position was not substantially justified. However, Plaintiff still bears the burden of showing that the FDIC's position was substantially justified. *See Lumpkin*, 493 F. Supp. 2d at 1202. The Court is not convinced that merely surviving dispositive motions, without more, necessitates a finding of substantial justification.

Furthermore, the Court is required to look closely at the case because judgment as a matter of law was entered in favor of the Estate on the two breach of contract claims, which raises the possibility that the FDIC was unreasonable in pursuing the claims. *See Citizens Bank*, 558 F. Supp. at 1303. At the close of the FDIC's case, the Court found "a motion for judgment as a matter of law [was] appropriate based on the complete failure of proof." (Doc. 258, 36:11–14). The Court ran through the allegations the FDIC maintained supporting a finding of fraud and found all the pertinent allegations lacked evidence. (*Id.* 29:4–17, 31:2–8, 31:16–23, 32:1–4, 32:14–20, 34:1–13, 34:20–23, 35:3–24). Before granting judgment as a matter of law, the Court commented:

> I would posit this question. When has estate planning become evidence of fraud? There is nothing wrong, legally or otherwise, with recognizing a need to protect your estate and pass it on to your heirs, same as we buy life insurance and same as we buy annuities and other things that put property in trust. That is simply estate planning. My dilemma in this case has been that there has been an attempt at times to take disparate bits of information, request or seek an inference to be drawn from one, and then a fairly large leap to the next. And that is not evidence of a conspiracy. It is, quite frankly, very troubling.

(*Id.* 35:25–36:10).

---

3    Plaintiff did not file a response to the Objection.

Based on the record surrounding the judgment as a matter of law and the lack of evidence set forth by Plaintiff in response to the Fees Motion, the Court finds that Plaintiff failed to meet its burden of proof that the FDIC's positions had a reasonable basis both in law and fact. Therefore, the positions were not substantially justified for purposes of the EAJA. This matter is remanded to Magistrate Judge Walker to determine whether the EAJA applies to this action, in light of the Court's finding that the FDIC's prosecution of the claims was not substantially justified. (*See* Doc. 331, pp. 12–13).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Estate's Objection (Doc. 332) is **SUSTAINED**.

2.  Magistrate Judge Susan Russ Walker's Report and Recommendation (Doc. 331) is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

    a.  The Estate's Motion for Order Conforming Judgment for Costs (Doc. 321) is **GRANTED**. The Clerk of Court is **DIRECTED** to amend the Costs Judgment (Doc. 280) to identify CadleRock III, LLC, as the Plaintiff.

    b.  The Report is otherwise **REJECTED**.

3.  As to the Estate's Second Renewed Application and Motion for Attorney's Fees, Expenses, and Costs Under the Equal Access to Justice Act (Doc. 308), the motion is **REMANDED** to Magistrate Judge Walker for consideration on the merits not inconsistent with this Order.

**DONE AND ORDERED** in Orlando, Florida on February 4, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

.