IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CADLEROCK III, LLC, ) | |
| ) | |
|     Plaintiff, as substituted for ) | |
|     Federal Deposit Insurance Corp., ) | |
| v. ) | CASE NO. 2:13-CV-350-PGB-SRW |
| ) | |
| HARRY BROWN & CO., LLC, *et al.*, ) | |
| ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.  Introduction**

This matter is before the court on the Second Renewed Application and Motion for Attorney's Fees, Expenses, and Costs under the Equal Access to Justice Act filed by defendant John M. Brown, as personal representative of the Estate of Harry I. Brown, Sr. ("Estate"). Doc. 308. This court's initial report and recommendation determined that the question of the Federal Deposit Insurance Corporation's ("FDIC") liability under the Equal Access to Justice Act ("EAJA") need not be reached because the FDIC was substantially justified in pursuing its claims and the Estate's motion was due to be denied on those grounds. *See* Doc. 331 at 13. The district judge rejected this finding, concluding that the record evidence indicated that plaintiff had failed to meet its burden of showing that the FDIC was substantially justified in pursuing its claims, and remanded the case for consideration of plaintiff's liability under EAJA. Doc. 334 at 7.

**II.  Discussion**

The court must resolve two separate questions to determine plaintiff's liability under EAJA: (1) whether the FDIC, acting as a receiver, is subject to the fee provisions of EAJA; and (2) whether plaintiff CadleRock's substitution in place of the FDIC renders EAJA relief unavailable. These two issues are discussed in turn below.

A. FDIC Receivership Liability

This court noted in its prior report and recommendation that it is an open question as to whether the FDIC is subject to the EAJA fee-provision when it is acting in its role as a receiver. While neither the Supreme Court nor the Eleventh Circuit has specifically addressed that question, the Supreme Court has stated in other circumstances that when the FDIC acts as a receiver "it is not the United States." *O'Melveny & Myers v, FDIC*, 512 U.S. 79, 85 (1994). Both the Federal Circuit and the Court of Federal Claims have held that the FDIC acting as a receiver can intervene against the United States, and the Court of Federal Claims stated that, as a result, "[u]nder prevailing constitutional law, the FDIC receiver therefore cannot *be* the government as well." *Ambase Corp. v. United States*, 61 Fed. Cl. 794, 797 (2004); see also *I.K. Frazer v. United States*, 288 F.3d 1347, 1354 (Fed. Cir. 2002).

The Eleventh Circuit has also explained the FDIC's receiver capacity at some length. "[W]hen the FDIC is appointed receiver by a state banking authority, that agency acts in two separate capacities: as receiver and as corporate insurer of deposits in the failed bank." *Bayshore Exec. Plaza P'ship v. FDIC*, 943 F.2d 1290, 1291-92 (11th Cir. 1991) (citing *FDIC v. Harrison*, 735 F.2d 408, 412 (11th Cir. 1984)); see also *Albert v. Ameris Bank*, 517 F. App'x 900, 902 n.1 (11th Cir. 2013). It also noted support for the holding that when the "FDIC acts as a receiver and liquidating agent for a failed bank . . . it merely

'stands in the shoes of the insolvent bank.'" *Harrison*, 735 F.2d at 412 (quoting *FDIC v. Glickman*, 450 F.2d 416, 418 (9th Cir. 1971)). In fact, the FDIC in its corporate capacity ("FDIC-C") and in its receiver capacity ("FDIC-R") are "two legally separate entities with the FDIC-R being responsible for marshalling and distributing receivership assets and liabilities and the FDIC-C is responsible for paying claims on deposits." *Coyotes, LLC v. FDIC*, 2014 U.S. Dist. LEXIS 196309 *1 n.1 (M.D. Fla. 2014) (citing *FDIC v. Merchants Nat'l Bank of Mobile*, 725 F.2d 634, 638 (11th Cir. 1984)). And when the "FDIC acts . . . as a receiver, its liability must be determined in the same fashion as that of a private party." *Harrison*, 735 F.2d at 412 (endorsing this view in dicta) (citing *Santoni v. FDIC*, 677 F.2d 174 (1st Cir. 1982); *Lapadula & Villani, Inc. v. United States*, 563 F. Supp. 782, 784 (S.D.N.Y. 1983) ("FDIC is not an integral part of the governmental mechanism but is rather a separate legal entity serving essentially a proprietary rather than a sovereign function.")).

In an EAJA-specific context, several district courts have found that the FDIC-R cannot be held liable for fees under EAJA because "the FDIC does not act on behalf of the United States government, and it does not perform any function unique to the federal government" in its receiver capacity, and "[i]nstead, it acts on behalf of the failed bank in the interest of that bank's creditors." *Schock v. FDIC*, 118 F. Supp. 2d 165, 169-70 (D. R.I. 2000), *aff'd on other grounds*, *Schock v. United States*, 254 F.3d 1 (1st Cir. 2001)); *see also Commer Law Corp., PC v. FDIC*, 2016 U.S. Dist. LEXIS 98536 **12-17 (E.D. Mich. 2016) (following *Schock*); *Placida Prof'l Ctr., LLC v. FDIC*, 2012 U.S. Dist. LEXIS 148427 *9 (M.D. Fla. Oct. 16, 2012) (same), *rev'd on other grounds*, 512 F. App'x 938 (11th Cir. 2013); *FDIC v. Flagship Auto Ctr., Inc.*, 2009 U.S. Dist. LEXIS 14546 *9 (N.D. Ohio) (citing *O'Melveny*, 512 U.S. at 85). The court in *Schock* explained:

3

> While both sides of the FDIC perform valuable functions, it is the FDIC acting in its corporate capacity that carries out the primary function of the FDIC and actively implements the policy of the federal government. When the FDIC acts in its capacity as a receiver, its main objective is not to carry out governmental policy, but to distribute the assets of the failed bank for the benefit of the bank's depositors and creditors. . . . As a receiver, the FDIC does not act on behalf of the United States government, and it does not perform any function unique to the federal government. Instead, it acts on behalf of the failed bank in the interest of that bank's creditors. While this alone would support this Court's conclusion that application of the EAJA to the FDIC acting as receiver is inconsistent with the purpose of the EAJA, relevant case law in this Circuit and the facts of this case also weigh against its application.

*Schock*, 118 F. Supp. 2d at 169-170. There is only sparse support for the award of attorney fees under EAJA against the FDIC acting as a receiver, and only in the context of "patently frivolous positions" which the FDIC did not even attempt to support and which the court found "entirely unjustifiable," and "frivolous and wholly without merit." *FDIC v. Addison Airport of Texas, Inc.*, 733 F. Supp. 1121, 1126 (N.D. Tex. 1990) (where the FDIC relied exclusively on its argument that a notice of default was insufficient because it did not contain "Suite 100" in the address) (internal quotations omitted); cf. *Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1099 (N.D. Tex. 1990) (reserving the possibility of recovering fees against FDIC-R under EAJA). Such circumstances do not exist here.

It is undisputed that Frontier Bank brought this action against the defendants, that subsequent to the initiation of this suit, FDIC was appointed as receiver for Frontier Bank, and that plaintiff CadleRock was substituted for the FDIC-R as the sole plaintiff in this matter. At trial, the court granted judgment as a matter of law in favor of the Estate on two breach of contract claims after finding that the FDIC failed to prove that a release from contract was produced by fraud. While the court found that the FDIC failed to meet its burden to show that its claims were substantially justified for the purposes of EAJA, it

made no finding that the FDIC's position was entirely unjustifiable, frivolous, or wholly without merit. Further, the record evidence does not indicate that the FDIC receiver acted in the interest of the United States or that it performed any function unique to the federal government. To hold plaintiff liable for costs under EAJA for the FDIC-R's pursuit of its claims would therefore be inconsistent with the purpose of EAJA. Further, even if the court were to find that the FDIC's position was unjustifiable, frivolous, or wholly without merit, the Estate's claim should fail for the reasons articulated below.

  B. CadleRock's Susceptibility to EAJA

  In its prior report and recommendation, this court noted that "CadleRock is a private entity, and is not an agency or department of the United States. The court could deny the Estate's motion on this basis alone." Doc. 13 at 12-13. The language of EAJA supports this conclusion in two respects: (1) the current plaintiff CadleRock is clearly a private entity to which the language of EAJA's fee provisions do not apply; (2) the specific language of EAJA states that for the fee provisions in sections 2412(b) and 2412(d) to apply, the FDIC must have been one of the original parties in the dispute.

> [A] court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action **brought by or against the United States or any agency or any official acting in his or her official capacity** in any court having jurisdiction of such action.

28 U.S.C. § 2412(b) (emphasis added). Sub-section (d) of the same section similarly indicates that fees, costs, and expenses may only be awarded in actions "brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

5

This action originally was brought by plaintiff Frontier Bank in the Circuit Court of Talladega County, Florida on April 2, 2012. Doc. 1 ¶ 1. Defendants filed their answer and asserted counterclaims against Frontier Bank. *Id.* ¶ 3. On March 8, 2013, the Georgia Department of Banking and Finance closed Frontier Bank and tendered to the FDIC the appointment as receiver, and the FDIC-R was substituted as a party in the case on May 15, 2013. *Id.* ¶¶ 4-5; Doc. 1-3 at 4-5. The FDIC filed its notice of removal on May 22, 2013. Doc. 1. Under the plain language of the statute, defendant Estate's claim for fees under EAJA should fail. The action was brought by Frontier Bank—the FDIC was not party to the suit at the time the action was filed, nor had it been appointed as a receiver for Frontier Bank at that time. There is no indication that, on April 2, 2012, "the United States, or any agency or official acting in his or her official capacity" was a party to, held a real interest in, or was otherwise involved in this action.

Furthermore, the Eleventh Circuit has explained that the legislative history of EAJA makes it clear that Congress intended to limit the scope of EAJA liability to proceedings in which the interests of the United States are represented. *See Hudson v. Sec. of Health and Human Svcs.*, 839 F.2d 1453, 1459-60 (11th Cir. 1988). As explained above, "the FDIC's appointment as a receiver for a failed institution is not an ordinary transfer of interest," and "when it accepts appointment as receiver, the FDIC succeeds 'by operation of law' to all of the failed institution's 'rights, titles, powers, and privileges.'" *FDIC v. Savannah Props., LLC*, 686 F. 3d 1254, 1259 (11th Cir. 2012) (quoting 12 U.S.C. § 1821(d)(2)(A)(i)). In other words, the role of the FDIC-R is to represent the interests of the failed institution for which it acts as receiver, not those of the United States.

This court found that the FDIC as receiver no longer exists as a legal entity, that the Eleventh Circuit substituted CadleRock for the FDIC because it was the real party in interest, and that CadleRock was the entity directing the appeal despite the FDIC's continuing as plaintiff until the moment of substitution. Doc. 331 at 11-12 (adopted by Doc. 334 at 2). These findings demonstrate that the interests being represented in this action, formerly belonging to Frontier Bank, held in receivership by the FDIC, and assigned to plaintiff Cadlerock, are not those of the United States. The legislative history therefore indicates that Congress did not intend EAJA liability to extend to the FDIC in its receiver capacity.

### III.  Conclusion

Accordingly, it is the **RECOMMENDATION** of the magistrate judge that the Estate's Second Renewed Application and Motion for Attorney's Fees, Expenses, and Costs under the Equal Access to Justice Act be **DENIED**. It is further:

**ORDERED** that on or before May 28, 2020, plaintiff may file an objection to this Report and Recommendation. Any objection filed must specifically identify the findings in the magistrate judge's recommendation to which plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the recommendations of the magistrate judge shall bar a party from a de novo determination by the district court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon the grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 966 F.2d 1144, 1149 (11th Cir. 1993) (per curiam); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

      DONE, on this the 13th day of May, 2020.

                                            /s/ Susan Russ Walker
                                            Susan Russ Walker
                                            United States Magistrate Judge